OPINION
{¶ 1} Defendant-appellant, Giuseppe A. Pingue, appeals from a judgment of the Franklin County Court of Common Pleas granting plaintiff-appellee, Millstone Development, Ltd.'s request for post-judgment interest. For the reasons that follow, we reverse the trial court's judgment.
 {¶ 2} In December 1997, appellee sued defendant James A. Berry for breach of contract. In January 1998, Berry and appellant entered into a land installment contract whereby Berry purchased certain real property from appellant. On February 10, 2000, a magistrate issued a decision in appellee's contract action against Berry, recommending that the trial court award appellee damages of $55,499 plus prejudgment interest of $12,024.78, plus post-judgment interest. On February 29, 2000, Berry and appellant rescinded the land installment contract and Berry transferred all of his interest in the property back to appellant. On March 8, 2000, the trial court adopted the magistrate's recommendation in appellee's contract action against Berry and entered judgment in favor of appellee.
 {¶ 3} In May 2000, appellee filed an action against Berry and appellant claiming that the February 29, 2000 rescission constituted a fraudulent transfer pursuant to both R.C. 1336.04
and 1336.05 and that a creditor's bill should attach to Berry's equitable interest in the property that was the subject of the land contract. After a bench trial, the court, on June 12, 2001, issued findings of fact and conclusions of law. In its findings of fact, the court determined that Berry's equity in the property as of February 29, 2000 was $47,924. In its conclusions of law, the court, after considering the available remedies outlined in R.C. 1336.07, concluded that the "best remedy" was to certify appellee's judgment against Berry as a lien on the property transferred to appellant. By judgment entry filed July 9, 2001, the trial court determined that appellee's judgment against Berry in the contract action, inclusive of prejudgment and post-judgment interest, amounted to $74,708.73 as of June 28, 2001. The court further determined that interest on that judgment would continue to accrue at the statutory rate of 10 percent per annum based upon the original compensatory award of $55,499 until fully satisfied. The court ordered that, under R.C. 1337.06(B), the full amount of appellee's judgment against Berry in the contract action would serve as a lien on the property and that appellee could levy execution on the property in accordance with R.C. Chapter 2329.
 {¶ 4} Appellant appealed the trial court's judgment to this court. In an opinion rendered May 9, 2002, this court rejected six of appellant's seven assignments of error, finding, inter alia, that the trial court did not abuse its discretion in determining that the February 29, 2000 transfer was fraudulent under both R.C. 1336.04 and 1336.05. Millstone Dev.t, Ltd. v.Berry, Franklin App. No. 01AP-907, 2002-Ohio-2241. However, this court sustained appellant's seventh assignment of error, in which appellant argued that the trial court erred when it imposed a lien upon the subject property in excess of the value of the equity the court found Berry to have in that property. We stated:
In his seventh and final assignment of error, Pingue argues that the trial court erred when it imposed a lien upon the property in excess of the value of the equity which the court found Berry to have in the property. In its findings of fact, the trial court specifically found that Berry held $47,942 in equity in the property prior to the transfer, yet the court imposed a lien upon the property for the entire amount of Millstone's judgment against Berry, which at the time of the court's entry amounted to over $70,000. While the court explained why it found Berry had acted fraudulently to prevent Millstone from collecting upon its judgment, it did not offer any explanation or justification for imposing a lien greater than the amount of equity held by Berry upon the property. * * *
* * * The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings to reduce the amount of the judgment lien.
Id. at ¶ 69-70.
 {¶ 5} Appellant appealed this court's judgment to the Ohio Supreme Court, which declined to hear the appeal. MillstoneDev., Ltd. v. Berry, 96 Ohio St.3d 1514, 2002-Ohio-4950.
 {¶ 6} By judgment entry filed May 30, 2002, the parties agreed to release the lien on the property upon deposit with the court of $85,000, which was to be paid out of the proceeds of the sale of the property.
 {¶ 7} After the case was remanded from this court, the trial court held a status conference and directed the parties to file memoranda outlining their positions as to what actions were to be taken by the trial court upon remand.
 {¶ 8} Thereafter, appellant filed a motion to distribute the $85,000. Appellant argued that this court's order "to reduce the amount of the judgment lien" meant that only Berry's equity in the subject property was available to satisfy appellee's judgment in the contract action against Berry. Accordingly, appellant requested that the court distribute $47,942 of the $85,000 to appellee, with the $37,058 remainder distributed to appellant.
 {¶ 9} In contrast, appellee argued that this court's decision did not foreclose the possibility that a lien for the full amount of appellee's judgment against Berry could be imposed under certain circumstances and that we remanded the case only because the trial court did not expressly state the circumstances under which such relief was justified. Accordingly, appellee urged the court to maintain its original judgment and justify its imposition of a lien upon the property for the entire amount of appellee's judgment against Berry on the basis that appellant participated in the fraudulent transfer and that the court is entitled to include a punitive element in the final award. Appellee argued, alternatively, that if the court chose to reduce the amount of the judgment lien to the amount of Berry's equity at the time of the fraudulent transfer, appellant was entitled to prejudgment interest on the lien amount from February 29, 2000, the date of the fraudulent transfer.
 {¶ 10} In a decision filed January 14, 2003, the trial court interpreted this court's opinion as an order "to reduce the proceeds to Plaintiff to $47,942.00 or the maximum equity."
 {¶ 11} On January 30, 2003, appellee filed a motion requesting clarification or reconsideration of the court's decision. Appellee specifically stated that it was not requesting reconsideration of this court's order limiting the amount of the judgment lien to the amount of Berry's equity in the property. However, appellee requested that the court address its claim that it was entitled to prejudgment interest on the judgment amount of $47,942 from the date of the fraudulent transfer, February 29, 2000. Appellee also sought clarification that the court's decision to reduce the judgment to $47,942 did not affect its previous determination, included in the court's July 9, 2001 judgment entry, that appellee was entitled to post-judgment interest from July 9, 2001.
 {¶ 12} Appellant filed a response to appellee's motion, maintaining that in rejecting appellee's contention that it was entitled to proceeds in excess of $47,942, the trial court impliedly rejected appellee's assertion that it was entitled to either prejudgment or post-judgment interest. Appellant further argued that this court's May 9, 2002 decision limited the amount of the judgment lien to $47,942 and did not provide for any prejudgment or post-judgment interest on that amount, even though this court was aware that both prejudgment and post-judgment interest had been awarded in the trial court's original judgment entry. In addition, appellant argued that appellee was not entitled to post-judgment interest because no personal judgment had been rendered against appellant.
 {¶ 13} On March 17, 2003, the trial court filed a decision and entry granting in part and denying in part appellee's January 30, 2003 motion for clarification/reconsideration. Therein, the trial court reiterated that appellee's full judgment against Berry in the contract action amounted to $74,708.73 as of June 28, 2001, which included damages of $55,499 and both prejudgment and post-judgment interest. The court further concluded, citing R.C. 1336.07(B), that appellee's judgment against Berry would serve as a lien on the property in the amount of $47,942, the amount of Berry's equity in the property. In so finding, the court stated that, "[a]pparently, the Court of Appeals has construed R.C. 1336.07(B) narrowly to include only the principal amount of the judgment, here $47,942.00, and not the interest. Thus, the Court orders the judgment to serve as a lien only in the amount of the equity."
 {¶ 14} On April 11, 2003, appellee filed a motion contending that it was entitled to post-judgment interest pursuant to R.C.1343.03(B). In support of its motion, appellee first argued that the trial court's judgment of July 9, 2001 was rendered against appellant as well as Berry. Appellee further argued that the court indicated in its July 9, 2001 judgment that appellee was entitled to post-judgment interest, that this court did not address that finding in its opinion, and that the award of post-judgment interest was never appealed. Appellee argued that it would be error for the court to reverse itself and preclude appellee from recovering post-judgment interest on the reduced amount of the judgment.
 {¶ 15} Appellant filed a response to appellee's motion on April 14, 2003, arguing that R.C. 1343.03(B) was not applicable because the judgment in the fraudulent transfer case was not a money judgment against appellant, but, rather, a judgment creating a lien against the property that was the subject of the land contract between him and Berry.
 {¶ 16} In a decision and entry filed April 30, 2003, the trial court granted appellee's motion for post-judgment interest and vacated its March 17, 2003 entry. The court found that an award of post-judgment interest was consistent with this court's order reducing the amount of the lien on the property owed by appellant to the amount of equity Berry had in the property. The court held:
Accordingly, the Court finds that Millstone, as the judgment creditor of Berry, is entitled to post-judgment interest on the lien against Defendant Pingue's property. Even though the lien is against property not owned by the judgment [debtor], Berry, Pingue's property has a lien against it to ensure the Plaintiff receives its money. Pingue's property has appreciated in value since the time of conveyance while Plaintiff Millstone has been deprived of its use of the money secured by the lien. Assuming the amount of the lien had correctly been awarded in July 2001 and the Plaintiff foreclosed upon the lien after it received its judgment, it would have had the money to use and/or invest over the past two years. To the extent that this time delay has enriched Defendant Pingue through the appreciation in value to his property, the Plaintiff is entitled to post-judgment interest on the $47,942.00 lien which is based on the amount of equity Defendant Berry had in the property. From the date of the original award, July 9, 2001, through April 18, 2003 the total amount of interest equals $8,524.48, with interest accruing at the rate of $13.13/day.
 {¶ 17} Appellant has timely appealed the trial court's judgment and advances a single assignment of error, as follows:
The trial court erred and abused its discretion in awarding post-judgment interest in this case as the decision of the court of appeals in this matter limited the plaintiff's recovery to the equity in the subject property at the time of the fraudulent transfer, that is, $47,942.00
 {¶ 18} Appellant contends that the trial court erred in awarding appellee post-judgment interest on the $47,942 judgment lien placed on appellant's property. We agree.
 {¶ 19} Statutory authority for awarding interest is found in R.C. 1343.03. However, R.C. 1343.03 provides for the payment of interest only under certain conditions, and states in pertinent part, as follows:
(A) * * * [W]hen money becomes due and payable * * * upon all judgments, decrees, and orders of any judicial tribunal for thepayment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more * * *.
(Emphasis added.)
 {¶ 20} R.C. 1343.03(B) specifically allows for post-judgment interest, to be computed as follows:
Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment ofmoney rendered in a civil action based on tortious conduct * * * shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid.
(Emphasis added.)
 {¶ 21} The Supreme Court of Ohio has directed that statutes must be applied according to their plain meaning. "Courts do not have the authority to ignore the plain and unambiguous language in a statute in the guise of statutory interpretation." State v.Krutz (1986), 28 Ohio St.3d 36, 38. "It is axiomatic that an unambiguous statute means what it says." Hakim v. Kosydar
(1977), 49 Ohio St.2d 161, 164.
 {¶ 22} Under the plain language of R.C. 1343.03(A) and (B), in order to trigger the payment of interest, the judgment, decree or order from the court must be one "for the payment of money." The present case does not fall within the scope of R.C. 1343.03. The trial court's judgment in the fraudulent transfer action was not a money judgment against appellant, but, rather, a judgment imposing a lien on the property that was the subject of the fraudulent transfer. In the absence of statutory authority, post-judgment interest cannot be assessed against appellant in this case. Appellant's assignment of error is sustained.
 {¶ 23} Finally, we note that appellee argues in its brief that appellant's appeal is frivolous and therefore we should award it the attorney fees and costs it has incurred in this appeal pursuant to App.R. 23. Initially, we note that the record does not reveal that appellee filed a motion for attorney fees and costs pursuant to App.R. 15. A paragraph in a responsive brief is insufficient to raise this issue; thus, we need not consider it. See Richards v. Beechmont Volvo (1998),127 Ohio App.3d 188, 192. Further, "[a] frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." Talbott v. Fountas (1984), 16 Ohio App.3d 226. In order for a court to find no reasonable question for review, the court must first assess the merits of the appeal. Id. Because we have sustained appellant's single assignment of error, appellee's request for attorney fees and costs is hereby overruled.
 {¶ 24} Having sustained appellant's single assignment of error, the April 30, 2003 judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and remanded.
Brown and Klatt, JJ., concur.