DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is on remand from the Supreme Court of Ohio for determination of issues involving post-judgment interest.
 {¶ 2} Appellees, Steve Judy and other motorists, brought a class action suit against appellant, the state of Ohio Bureau of Motor Vehicles, and won judgment for overpayment of driver license reinstatement fees. On appeal to this court, we affirmed the trial court's determination that only one reinstatement fee could be charged and that the BMV must reimburse appellees for the extra fees paid. See Judy v. Ohio BMV (Dec. 31, 2001), 6th Dist. No. L-01-1200. We reversed the trial court's grant of post-judgment interest. Id. On appeal to the Supreme Court of Ohio, the court also affirmed that the BMV could not charge double reinstatement fees, but ruled that appellees were entitled to post-judgment interest pursuant to R.C. 1343.03. Judy v. OhioBMV, 100 Ohio St.3d 122, 2003-Ohio-5277. The case was then remanded to this court to address appellant's third assignment of error which states:
 {¶ 3} "The trial court erred as a matter of law in awarding post-judgment interest accruing from February 20, 1998, as there was not money due and payable at that time pursuant to the trial court's decision of February 20, 1998."
 {¶ 4} Appellant argues that post-judgment interest should run from the trial court's February 2001 judgment entry which determined the number of class members and the amount of the fees to be reimbursed. Appellee counters that the trial court properly used the February 1998 judgment entry as the accrual date, since the amount need not be certain or liquidated and the court may, at its discretion, award post-judgment interest either under R.C.1343.03 or based upon its inherent equitable powers.
 {¶ 5} There is no common law right to interest on judgments.Cleveland Ry. Co. v. Williams (1926), 115 Ohio St. 584, 586. Thus, appellees' argument that a grant of interest was within the trial court's equity powers is without merit. Moreover, in this case, the grant of interest to appellees was based upon R.C.1343.03 which provides that:
 {¶ 6} "(A) In cases other than those provided for in sections1343.01 and 1343.02 of the Revised Code, when money becomes dueand payable upon * * * all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum * * *.
 {¶ 7} "(B) Except as provided in divisions (C) and (D) of this section and subject to section 2325.18 of the Revised Code, interest on a judgment, decree, or order for the payment of money rendered in a civil action * * * shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid * * *." (Emphasis added.)
 {¶ 8} Statutes must be applied according to their plain meaning. State v. Krutz (1986), 28 Ohio St.3d 36, 38. "Courts do not have the authority to ignore the plain and unambiguous language in a statute in the guise of statutory interpretation." Id. "It is axiomatic that an unambiguous statute means what it says." Hakim v. Kosydar (1977), 49 Ohio St.2d 161, 164. Under the plain language of R.C. 1343.03(A) and (B), to trigger the payment of interest, the judgment, decree or order from the court must be one "for the payment of money." Millstone Dev., Ltd. v.Berry, 10th Dist. No. 03AP-531, 2004-Ohio-1215, at ¶ 22.
 {¶ 9} The statute does not require that the judgment be final and appealable. Summa Health Sys. v. Viningre (2000), 140 Ohio App. 3d780, 793. Nevertheless, "only where a money judgment, definite in amount, is rendered will interest be included thereon by operation of law pursuant to R.C. 1343.03." Bertolini v.Whitehall City Sch. Dist., 10th Dist. No. 02AP-839, 2003-Ohio-2578, at ¶ 55, citing to North Olmsted v. ElizaJennings, Inc. (1995), 101 Ohio App.3d 652, 656. Therefore, in order for post-judgment interest to be awarded, the judgment must require a payment which is calculable and ascertainable from the evidence before the court. See Bertolini, supra; Indus.Fabricators, Inc. v. NCR Corp. (Mar. 8, 1984), 10th Dist. No. 83AP-13.
 {¶ 10} The purpose of prejudgment interest is to encourage prompt settlement and to discourage defendants from frivolously opposing and prolonging suits for legitimate claims, between injury and judgment. Royal Elec. Constr. Corp. v. Ohio StateUniv. (1995), 73 Ohio St.3d 110, 116. Further, prejudgment interest does not punish the party responsible for the underlying damages, but acts as compensation and serves ultimately to make the aggrieved party whole and compensates for the lapse of time between accrual of the claim and judgment. Id.
 {¶ 11} In contrast, the policy behind the granting ofpost-judgment interest is to encourage the prompt payment of money judgments to successful litigants and to prevent a judgment debtor from profiting by withholding money belonging to the judgment creditor. Lovewell v. Physicians Ins. Co. of Ohio
(1997), 79 Ohio St.3d 143, 144-145. The judgment debtor may stop the accumulation of post-judgment by tendering unconditional payment in full of the judgment rendered against it. Braun v.Pikus (1995), 108 Ohio App.3d 29, 32-33; Moore v. Jock (1993),90 Ohio App.3d 413, 416; Viock v. Stowe-Woodward Co. (1989),59 Ohio App.3d 3, 5. Tender of payment by the judgment debtor must consist of the "actual production of the sum then due" on the judgment. Braun, supra. The tender must be unconditional, i.e., unaccompanied by a request or condition the prevailing party relinquish or forego some legal right or cause of action.Shaffer v. Cornwell (Dec. 18, 1990), 10th Dist. No. 90AP-772;Braun, supra; Warren/Sherer Div. v. Store Equip. Co., Inc.
(Sept. 27, 1984), 10th Dist. No. 84AP-41.
 {¶ 12} This rule is justified since the judgment debtor may opt to either (1) tender payment in full to toll the running of the interest, or (2) retain use of the money and, presumably, invest it for the duration of the appeal, making that money of, at least, equal value to the legal rate of interest. Braun,
supra, at 32; Sargent v. Owen, (June 22, 1998), 5th Dist. No. 98CA00028.
 {¶ 13} In this case, the partial summary judgment granted on February 20, 1998 only construed the language of R.C. 4511.191(L) and determined that "upon request by an individual for return of a license, the [BMV] can only charge a reinstatement fee of two hundred-fifty dollars." We have also previously determined that the 1998 order "did not enjoin the bureau from collecting two reinstatement fees, make an order of restitution, or rule on appellees' demand for costs, expenses, and attorney fees." SeeJudy v. Ohio BMV (Apr. 15 1998), 6th Dist. L-98-1104 (appeal dismissed as not final and appealable). The "law of the case is applicable to subsequent proceedings in the reviewing court as well as the trial court. Thus, the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court." Nolan v. Nolan (1984),11 Ohio St.3d 1, 4. Consequently, following the law of the case, the 1998 judgment does not order a "payment of money."
 {¶ 14} Further, the trial court determined that post-judgment interest should run from the February 1998 judgment, finding that the BMV could only charge one reinstatement fee, because the state became liable for reimbursement of any overpayment by the plaintiffs "upon the issuance of that judgment." However, the 1998 judgment does not specify the number of class participants for either the $250 or $280 fee or a total judgment to be paid. Since notices from prospective class members were not due to be returned until late 1999, the number of claimants was unascertainable in February 1998. The number of class members and the amount of the reimbursement, $5,266,650, was not determined until the court's February 6, 2001 judgment entry, based upon a summary of the class response to the Court's notice and Proofs of Claims submitted by the BMV and approved by appellees. Consequently, at the time of the February 1998 judgment, the court had insufficient evidence from which to accurately calculate the amounts due and the BMV would have been unable to make an unconditional payment in full to toll any post-judgment interest.
 {¶ 15} Contrary to the trial court's determination, the BMV only became liable for repayment when reimbursement of fees to a specific number of claimants was first ordered in the February 2001 judgment. Therefore, because the trial court's February 1998 judgment only determined that the BMV could not charge more than one $250 fee for license reinstatement and did not order reimbursement or determine the number of recipients, we must conclude that February 6, 2001 is the correct accrual date for postjudgment interest pursuant to R.C. 1343.03.
 {¶ 16} Accordingly, appellant's third assignment of error is well-taken.
 {¶ 17} The judgment of the Lucas County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision. Pursuant to App.R. 24, court costs of this appeal are assessed as follows: one-half to appellant and one-half to appellees.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J., Concur.