DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Williams County Court of Common Pleas which granted appellee, Bell Engineering Limited, Inc. ("Bell"), summary judgment and denied summary judgment to appellant, United Brotherhood of Carpenters and Joiners of America, Local Union No. 1581 ("Local 1581"). For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} On appeal, appellant sets forth the following four assignments of error:
 {¶ 3} "1. The trial court committed reversible error in its overly restrictive interpretation of R.C. 4115.10(A), requiring privity of contract for liability to attach, instead of giving effect to the statutory standard that any person, firm, or corporation that `suffers or permits' underpayments shall be liable.
 {¶ 4} "2. The trial court committed reversible error when it held that Bell Engineering Limited, Inc. cannot be liable for the underpayments caused by its own violations of the prevailing wage law because Bell had no contractual relationship with any contractor on the project.
 {¶ 5} "3. The trial court committed reversible error when it refused to hold Bell Engineering Limited, Inc. liable for underpayments that it `suffered or permitted' within R.C.4115.10(A) by its violations of the prevailing wage law.
 {¶ 6} "4. The trial court erred when it made a finding of fact that the bidding documents prepared by Bell Engineering Limited, Inc. advised that all bidders would be subject to the prevailing wage where the record evidence conclusively establishes otherwise."
 {¶ 7} The following undisputed facts are relevant to the issues raised on appeal. The village of West Unity ("village") undertook a public improvement construction project in 2002. The village building committee contracted to have a storage building erected for the street department. Nixon Construction ("Nixon") was selected to serve as the general contractor.
 {¶ 8} The village hired Bell, an engineering firm, to serve in an oversight, consulting capacity. Bell was responsible to prepare drawings of the building, prepare plan specifications, and prepare bidding and contract documentation. Bell served in a planning role, not as a construction contractor. Bell employees performed no actual physical construction tasks.
 {¶ 9} The building was physically built by employees of the general contractor, Nixon. Nixon failed to comply with Ohio's prevailing wage statutes. Nixon employees who performed physical labor during construction were not compensated in conformity with the wage rates dictated by statute.
 {¶ 10} The village, as the public authority which contracted with Nixon, similarly failed in its statutory duties. Nixon failed to appoint a prevailing wage coordinator to ensure statutory compliance and failed to have a municipal official determine the prevailing wage rate, as required by statute.
 {¶ 11} On September 9, 2004, Local 1581 filed suit against Nixon and Bell regarding the prevailing wage violations. On January 18, 2005, Bell filed for summary judgment, denying it was liable for the prevailing wage rate violations of Nixon employees. Bell argued that liability is statutorily imposed upon two parties; the public authority contracting for the public improvement project (the village) and the contractor whose employees performed the construction work (Nixon).
 {¶ 12} Bell's owner submitted an affidavit in support of summary judgment establishing that no Bell employees participated in the physical construction of the building. On July 29, 2005, the trial court granted Bell summary judgment, and denied summary judgment to Local 1581. Local 1581 filed a notice of appeal on August 4, 2005.
 {¶ 13} We note at the outset that we must employ a de novo standard of review of the trial court's summary judgment decision, applying the same standard used at the trial court.Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129; Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted when there remains no issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 14} We will address appellant's first three assignments of error on a concurrent basis. These assignments of error are all derived from a single premise. Our analysis of the legitimacy of this common underlying premise will be determinative of the validity of the assignments.
 {¶ 15} The first three assignments are based upon the common underlying assertion that Bell is covered by, and subject to, the prevailing wage statutes pursuant to R.C. 4115.10(A). The crux of appellant's first two assignments is that the trial court erred in finding Bell not subject to R.C. 4115.10(A). The third assignment, analytically interconnected to the first two, asserts the trial court erred in finding Bell not liable pursuant to R.C.4115.10(A).
 {¶ 16} In order to assess these R.C. 4115 based assignments of error, we must examine the precise language employed in R.C.4115.10(A). If the language is unambiguous, it will clearly establish the parameters of coverage created by the statute. R.C.4115.10(A) states, in relevant part:
 {¶ 17} "No person, firm, corporation, or public authority that constructs a public improvement with its own forces
(emphasis added) * * * shall violate the wage provisions of sections 4115.03 to 4115.17 of the Revised Code, or suffer, permit, or require any employee to work for less than the rate of wages so fixed."
 {¶ 18} Prevailing case law dictates the guiding principle we must follow to be the plain meaning doctrine. We have no authority to bypass or modify the plain meaning of unambiguous statutory language. Statutory application must be limited to the confines of the plain meaning of the statutory language. Judy v.State of Ohio, 6th Dist. No. L-01-1200, 2004-Ohio-5673, at ¶ 8.
 {¶ 19} As we affirmed in a related case, the guiding principle a reviewing court must adhere to in statutory cases is to uphold the plain and unambiguous statutory language. Villageof West Unity v. Merillat, 6th Dist. No. WM-03-016,2004-Ohio-2682, at ¶ 19.
 {¶ 20} Our reading of R.C. 4115.10(A) shows that the statute has precise, unambiguous, and limited coverage. While we concur with appellant that the statute is "clear and unambiguous in terms of who may be held responsible for violating its wage requirements," we fundamentally differ as to scope of who is encompassed by the statute.
 {¶ 21} The statute clearly and unambiguously limits those subject to it to include public authorities, corporations, firms, or people who use their own forces in the actual construction ofa public improvement project. These coverage parameters are intuitively logical. The statute's application is expressly limited to the employers of the workers performing the prevailing wage rate labor and the public authority who contracted with them.
 {¶ 22} While appellant concludes this statute can be read so as to encompass Bell, we disagree. The record contains uncontroverted evidence that Bell's forces did not physically construct the building. Nixon employees did. The only potentially liable parties pursuant to R.C. 4115.10 (A) are Nixon and the village. Appellant's efforts to judicially expand the scope of the prevailing wage legislation is not rooted in law or statute.
 {¶ 23} The legislative intent to limit the applicability of the prevailing wage statutes to those whose forces or employees do actual physical construction and the contracting public authority is further reinforced by review of related statutes.
 {¶ 24} R.C. 4115.04 clearly states, "every public authority authorized to contract for or construct with its own forces
(emphasis added) a public improvement * * * shall have the director of commerce determine the prevailing rates of wages." The statutory duty is placed squarely upon the village.
 {¶ 25} Similarly, R.C. 4115.071 establishes, "each contracting public authority that enters into a contract * * * shall, no later than ten days before the first payment of wages is payable to any employee of any contractor or subcontractor, designate and appoint one of its own employees to serve as the prevailing wage coordinator during the life of the contract." Again, the statutory duty is placed squarely upon the village.
 {¶ 26} The plain and unambiguous language of the prevailing wage statutes show there are two entities, as a matter of law, responsible for prevailing wage rate compliance. The village and Nixon. To hold otherwise would improperly create and impose a statutory responsibility upon Bell arising from the employees of Nixon.
 {¶ 27} Appellant relies heavily upon Taylor v. Douglas Co.,130 Ohio Misc.2d 4, 2004-Ohio-7348, at ¶ 14, in support of the proposed broader scope of coverage of R.C. 4115.10. Our review ofDouglas shows it contains no such statement of law. Douglas
is materially distinguishable from, and inapplicable to this case. The critical legal issue under consideration in Douglas
was whether a general contractor could be held liable for prevailing wage violations of one of its subcontractors. The record clearly shows Nixon was not a subcontractor of Bell. Bell was not the general contractor. Nixon was the general contractor. The Douglas ruling does not support the proposition that Bell is covered by R.C. 4115.10.
 {¶ 28} The trial court did not interpret R.C. 4115.10(A) in an overly restrictive fashion. It interpreted it in an accurate fashion, as dictated by the specific language of the statute. The trial court did not err in finding Bell not liable for Nixon's violations of the prevailing wage law. The trial court did not err in finding Bell not covered by or liable under R.C.4115.10(A).
 {¶ 29} As accurately stated by the trial court in its summary judgment ruling, "This court finds no basis in law or fact to sustain plaintiff's theory, which seems an attempt to cast a much broader net of liability than the statutes contemplate." We similarly find plaintiff's first three assignments are an attempt to impermissibly expand the scope of R.C. 4115.10. Appellant's first three assignments of error are not well-taken.
 {¶ 30} In its fourth assignment of error, appellant argues that an error by Bell in its bidding documentation somehow triggers prevailing wage liability. In the bidding documentation, Bell indicated the project could be subject to the prevailing wage law if its cost exceeded the statutory monetary threshold. Appellee initially stated in its summary judgment motion that the bidding documents stated the project would, rather thancould, be covered by the prevailing wage statutes. This was incorrect. Appellee corrected this misstatement in subsequent filings with the trial court. Nevertheless, the trial court referenced appellee's initial statement in its summary judgment ruling.
 {¶ 31} This court has consistently affirmed the principle of harmless error. In order for an error of the trial court to warrant reversal, it must be established that the alleged error was so prejudicial that it affected the outcome of the case. Errors which are not shown to affect the substantial right of a party in an outcome determinative way must be disregarded.Hickey v. City of Toledo (June 15, 2001), 6th Dist. No. L-01-1009. Civ.R. 61. We cannot say the outcome of the trial court would have been different had Bell presented prevailing wage rate applicability in an unconditional, rather than conditional, fashion in the bidding documentation.
 {¶ 32} Regardless of the trial court error, Bell is not encompassed by or subject to R.C. 4115.10. Bell did not use its own forces to do the physical construction of the building. Bell is not a potentially liable party for Nixon's prevailing wage rate violations given the plain meaning of R.C. 4115.10. Appellant's fourth assignment of error is not well-taken.
 {¶ 33} The judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law, and the fee filing the appeal is awarded to Williams County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Skow, J. Parish, J. Concur.