DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied appellant's petition for a writ of mandamus. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Janice E. Stone, sets forth the following two assignments of error: *Page 2 
 {¶ 3} "1: The trial court erred when it denied Ms. Stone's Petition for Writ of Mandamus.
 {¶ 4} "2: The trial court erred when it found that the Trustees substantially complied with the transparency requirement."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. This case stems from the handling of a disputed Sylvania Township zoning resolution. On November 15, 2005, the Sylvania Township Trustees held a requisite public hearing to consider the merits of a proposed zoning resolution submitted by a residential developer. The developer sought to change the zoning on a parcel of land in the township from lower density to higher density residential zoning. Following the public hearing, the zoning change was unanimously denied by the township trustees.
 {¶ 6} On December 2, 2005, the developer notified the township trustees that a material mistake of fact was presented in the public hearing prior to the November 15, 2005 zoning resolution vote. Specifically, a statement was made at the public meeting incorrectly representing that the proposed zoning change contradicted the approved Sylvania Township land use plan for that specific parcel. On the contrary, the Sylvania Township land use plan did designate the disputed parcel as medium density residential property, consistent with the requested zoning change.
 {¶ 7} On December 2, 2005, a clerk in the Sylvania Township Zoning Department faxed a request to the Sylvania Herald for publication of notice of a public hearing to be held on December 20, 2005. On December 6, 2005, a few days after the *Page 3 
disputed fax was sent, the Sylvania Township trustees held a public meeting in which they unanimously voted to reconsider the zoning resolution given the disclosure that there was a material mistake of fact presented to them at the time of their initial vote.
 {¶ 8} The crux of appellant's case is her argument that a fax being sent by the zoning department to the local press requesting that notice of another public meeting be published prior to the public hearing in which the trustees later voted to schedule that public hearing constitutes evidence of improper collusion and violation of open meetings laws by the trustees. Simply put, appellant claims the trustees "pre-determined" their December 6, 2005 vote to hold another hearing.
 {¶ 9} On December 20, 2005, the Sylvania Township trustees held their second public meeting to reconsider the zoning request. This meeting was conducted in reaction to the disclosure that the denied zoning change was not inconsistent with the approved Sylvania Township land use plan. Upon reconsideration, the Sylvania Township trustees approved the zoning change.
 {¶ 10} On March 10, 2006, appellant, as relator, filed a petition for writ of mandamus requesting the trustees be ordered to reinstate their initial November 15, 2005 vote which had rejected the zoning change. The parties submitted trial briefs, stipulations, and conducted oral arguments. On November 30, 2006, the trial court issued its judgment denying the petition for writ of mandamus. Appellant filed a timely notice of appeal of that judgment. *Page 4 
 {¶ 11} In her first assignment of error, appellant asserts that the trial court erred in denying her petition for writ of mandamus. In support, appellant asserts that she was entitled to the writ of mandamus in response to the Sylvania Township Trustees' alleged violation of Article 35, Section 10 of the Sylvania Township Zoning Code.
 {¶ 12} Article 35, Section 10 of the Sylvania Township Zoning Code states in relevant part:
 {¶ 13} "If a proposed amendment or supplement initiated by application is disapproved by the Board of Township Trustees, another application for amendment or supplement affecting the property included in the disapproved application shall not be submitted within six (6) months from the date of disapproval, except with a statement by the Zoning Commission or a Resolution by the Board of Trustees, indicating that the changed or changing conditions affecting the land are sufficient to warrant reconsideration."
 {¶ 14} Simply put, appellant claims that the Sylvania Township Trustees lacked any legal authority to reconsider the requested zoning change that was the subject of the November 15, 2005 meeting for a period of six months following disapproval of the application at that meeting.
 {¶ 15} Appellant maintains the Sylvania Township Trustees' reconsideration of the zoning application and approval of same is invalid. Appellant argues that the trustees lacked the authority to reconsider the application. The foundation of this argument rests *Page 5 
in appellant's interpretation of the plain meaning of Article 35, Section 10 of the Sylvania Township Zoning Code.
 {¶ 16} Prevailing case law establishes that we are guided by the plain meaning doctrine in considering appellant's position. The plain meaning doctrine states that we have no authority to bypass or modify the plain meaning of unambiguous legislative language. Legislative application must be constrained and encompassed within the confines of the plain meaning of the language. Judy v. Ohio Bur. of Motor Vehicles, 6th Dist. No. L-01-1200, 2004-Ohio-5673, ¶ 8.
 {¶ 17} Consistent with this principle, the Supreme Court of Ohio has held that "courts do not have the authority to ignore the plain and unambiguous language in a statute in the guise of statutory interpretation. State v. Krutz (1986), 28 Ohio St.3d 36, 38. Put another way, "it is axiomatic that an unambiguous statute means what it says."Hakim v. Kosydar (1977), 49 Ohio St.2d 161, 164.
 {¶ 18} Given these legal maxims, we must consider the plain meaning of Article 35, Section 10 of the Sylvania Township Zoning Code and determine whether it stands for the proposition presented by appellant.
 {¶ 19} In order for appellant's assertion to be persuasive, we must be convinced that the legislative language in question prohibited the Sylvania Township Trustees from engaging in reconsideration of the zoning change request for a period of six months following its November 15, 2005 disapproval. *Page 6 
 {¶ 20} The determinative portion of the zoning code states as follows: "Another application for amendment or supplement affecting the property included in the disapproved application shall not be submitted within six months from the date of disapproval." The plain meaning of this provision clearly pertains to scenarios in which an unsuccessful applicant attempts resubmission of a disapproved application within six months of its rejection.
 {¶ 21} The plain language of this provision cannot be construed to prohibit the Sylvania Township Trustees, on their own initiative, from reconsideration of a disapproved application upon discovery that a material mistake of fact transpired in the public hearing preceding their vote. Such is the scenario we have in the case at hand. We find that the zoning code does not preclude the township trustees from their December 2005 reconsideration of the disapproved application.
 {¶ 22} The plain meaning of Article 35, Section 10 of the Sylvania Township Zoning Code limits its application to resubmission by the applicant, not to reconsideration by the trustees. Appellant's first assignment of error is not well-taken.
 {¶ 23} In her second assignment of error, appellant contends the trial court erred when it concluded in its judgment that the trustees substantially complied with the statutory transparency requirements of R.C. 121.22. R.C. 121.22 mandates that all official action and deliberations upon official business be conducted in open meetings.
 {¶ 24} In support of her second assignment, appellant relies upon her circumstantial speculation about the meaning of a December 2, 2005 fax sent by the *Page 7 
Sylvania Township Zoning Department to the Sylvania Herald. Although the trustees did not conduct their public meeting to vote on whether to schedule another public hearing until December 6, 2005, a fax request for publication of public notice for such a meeting was sent to the Sylvania Herald on December 2, 2005.
 {¶ 25} Appellant vigorously maintains that this constitutes compelling and persuasive evidence that the township trustees privately determined that such a meeting should be held and that the December 6, 2005 public meeting was essentially a sham.
 {¶ 26} R.C. 121.22(F) provides:
 {¶ 27} "Every public body, by rule, shall establish a reasonable method whereby any person may determine the time and place of all regularly scheduled meetings and the time, place, and purpose of all special meetings. A public body shall not hold a special meeting unless it gives at least twenty-four hours' advance notice to the news media * * *."
 {¶ 28} Appellant's second assignment of error is premised upon the notion that the Sylvania Township Trustees violated R.C. 121.22 prior to the December 6, 2005 meeting. We have carefully reviewed the record of evidence. There is no objective or factual evidence establishing that any unlawful meeting or deliberations took place.
 {¶ 29} Appellant unilaterally asserts such a meeting took place based solely upon her subjective and speculative interpretation of the December 2, 2005 fax to the Sylvania Herald. We find that one could just as easily conjecture that the zoning department *Page 8 
anticipated the likelihood that another public meeting would need to be timely set and wanted to be prepared in advance.
 {¶ 30} The unsupported conjecture upon which appellant relies in support of her second assignment of error can cut in either direction. There is no objective, relevant evidence in support of appellant's contention that the Sylvania Township Trustees violated Ohio's open meetings law in this case.
 {¶ 31} This court has consistently affirmed the principle that it may not substitute its judgment for that of the trial court absent an abuse of discretion. State v. Baumgartner, 6th Dist. No. OT-02-029,2004-Ohio-3908, ¶ 44. It is axiomatic that an abuse of discretion finding demands more than a mere error of law or judgment. Such a finding requires that the trial court's attitude be so arbitrary or unconscionable that it be construed as grossly violative of fact or logic. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 32} Given the lack of objective evidence or indicia that the Sylvania Township Trustees conducted an unlawful meeting prior to their December 6, 2005 meeting, we cannot say the trial court's judgment in determining that they complied with the transparency requirement was in any way an abuse of discretion. Appellant's second assignment of error is not well-taken.
 {¶ 33} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for *Page 9 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J. CONCUR. *Page 1