[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 281.]

HOWARD, APPELLANT, *v.* RANDLE, WARDEN, APPELLEE.

[Cite as *Howard v. Randle*, 2002-Ohio-2122.]

*Habeas corpus sought to compel relator's immediate release from prison—Court of appeals' dismissal of petition affirmed, when.*

(No. 2001-2106—Submitted April 10, 2002—Decided May 15, 2002.)

Appeal from the Court of Appeals for Ross County, No. 01CA2601.

———————————

**Per Curiam.**

{¶1} In April 1978, the Cuyahoga County Court of Common Pleas convicted appellant, Nebraska Howard, upon his guilty plea, of two counts of kidnapping and three counts of rape, and sentenced him to an aggregate prison term of twelve to seventy-five years. The common pleas court found Howard to be a psychopathic offender, suspended the execution of his sentence, and committed him to the former Department of Mental Health and Retardation for an indefinite period, "until released from said institution."

{¶2} In November 1978, after Howard apparently attempted to escape, the common pleas court revoked its previous order, terminated the suspension of Howard's prison sentence, and ordered the execution of the sentence.

{¶3} In April 2001, Howard filed a petition in the Court of Appeals for Ross County for a writ of habeas corpus to compel his immediate release from prison. Howard claimed that he was entitled to discharge from confinement because of an unconstitutional amendment of his indictment, a defective indictment, sentencing errors, including a violation of the prohibition against ex post facto laws, breach of a plea agreement, fraud, double jeopardy, and his own incompetence. Appellee, Chillicothe Correctional Institution Warden Michael Randle, filed a motion to dismiss.

{¶4} In October 2001, the court of appeals granted the warden's motion and dismissed the petition.

**{¶5}** In his appeal as of right, Howard asserts that the court of appeals erred by dismissing his habeas corpus petition.

**{¶6}** Howard's assertion lacks merit because his claims are not cognizable in state habeas corpus. See, e.g., *State ex rel. Bragg v. Seidner* (2001), 92 Ohio St.3d 87, 88, 748 N.E.2d 532 (validity or sufficiency of an indictment or an amended indictment); *Brown v. Leonard* (1999), 86 Ohio St.3d 593, 716 N.E.2d 183 (sentencing errors); *Majoros v. Collins* (1992), 64 Ohio St.3d 442, 596 N.E.2d 1038 (ex post facto provisions); cf. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 633 N.E.2d 1128 (adequate legal remedy to raise claim of breach of plea agreement precluded extraordinary relief in mandamus); *Douglas v. Money* (1999), 85 Ohio St.3d 348, 708 N.E.2d 697 (conspiracy and bias); *State ex rel. Tran v. McMackin* (1991), 62 Ohio St.3d 165, 580 N.E.2d 782 (fraud and trickery); *Thomas v. Huffman* (1998), 84 Ohio St.3d 266, 703 N.E.2d 315 (double jeopardy); *Krauter v. Maxwell* (1965), 3 Ohio St.2d 142, 32 O.O.2d 141, 209 N.E.2d 571 (mental incompetence of an accused in a criminal proceeding). Howard had adequate remedies in the ordinary course of law to raise these claims.

**{¶7}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

Nebraska Howard, pro se.

Betty D. Montgomery, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.

————————————