JOURNAL ENTRY AND OPINION
{¶ 1} Ray A. Perry, avers that he is unlawfully confined after being indicted for escape under R.C. 2921.34 because he failed to report to his parole officer. Sheriff, Gerald T. McFaul, has filed a motion to dismiss. For the reasons stated below, we grant McFaul's motion to dismiss.
 {¶ 2} Perry challenges his prosecution for escape as unlawful because as a parolee he is exempt from being charged with that offense.[1] Attached to the petition in this action is a copy of the indictment in the underlying criminal case, State v. Perry, Cuyahoga County Court of Common Pleas Case No. CR-420801, charging him with escape on January 3, 2002.
 {¶ 3} We note that Perry's petition essentially challenges the indictment in Case No. CR-420801, but claims challenging the validity or sufficiency of an indictment are not cognizable in habeas corpus.[2] We are, therefore, required to dismiss the petition on those grounds alone.
 {¶ 4} Additionally, his entire argument in support of the petition is based on his interpretation of Conyers.[3] We disagree that Conyers
requires that we hold that the court of common pleas lacks jurisdiction to determine whether the State may prosecute him for escape. Rather, we note that Conyers was a direct appeal in which the defendant challenged the propriety of the charge of escape. Conyers demonstrates that Perry has an adequate remedy by way of direct appeal to challenge the propriety of the prosecution. As a consequence, relief in habeas corpus would not be appropriate.
 {¶ 5} McFaul has also correctly identified several procedural defects in the petition. "[T]he relator failed to support his complaint with an affidavit specifying the details of the claim as required by Local Rule 45(B)(1)(a).[4]
 {¶ 6} "* * *. Moreover, he failed to include the addresses of the parties as required by Civ.R. 10(A). In State ex rel. Sherrills v. TheState of Ohio,[5] the Supreme Court of Ohio listed these failures as proper reasons for dismissal of a habeas petition."[6]
 {¶ 7} Likewise, Perry has not supported the petition with an affidavit specifying the details of the claim and did not include the address of McFaul. As indicated in Woods, these grounds alone are sufficient for dismissal of this action. Additionally, Perry has not attached a copy of the commitment papers to the petition, as required under R.C. 2725.04(D).[7]
 {¶ 8} Perry has not complied with the requirements of R.C. 2725.04, Loc.App.R. 45(B)(1)(a) and Civ.R. 10(A). We are required, therefore, to dismiss the petition in habeas corpus. Accordingly, McFaul's motion to dismiss is granted. Perry to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal.[8]
Writ dismissed.
JAMES J. SWEENEY, J., AND DIANE KARPINSKI, J., CONCUR
[1] See State v. Conyers (1999), 87 Ohio St.3d 246, 1999 Ohio 60,719 N.E.2d 535.
[2] Howard v. Randle, 95 Ohio St.3d 281, 2002-Ohio-2122, at ¶6.
[3] See n. 1, supra.
[4] State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077, and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
[5] (2001), 91 Ohio St.3d 133, 742 N.E.2d 651
[6] State ex rel. Woods v. State (May 21, 2001), Cuyahoga App. No. 79577, at 2-3.
[7] See Sherrills, supra, citing R.C. 2725.02(D)and Sidle v. Ohio AdultParole Auth.(2000), 89 Ohio St.3d 520, 733 N.E.2d 1115.
[8] Civ.R. 58(B).