THE STATE EX REL. DOUGLAS, APPELLANT, *v.* BURLEW, JUDGE, APPELLEE.

[Cite as *State ex rel. Douglas v. Burlew,*
106 Ohio St.3d 180, 2005-Ohio-4382.]

(No. 2005–0419—Submitted June 14, 2005—Decided September 7, 2005.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of prohibition to prevent a municipal court judge from exercising jurisdiction over a criminal charge of driving under the influence of alcohol ("DUI").

{¶ 2} In June 2003, appellant, Amber Douglas, was cited for two DUI counts. Count A charged Douglas with violating former R.C. 4511.19(A)(6) ("No person shall operate any vehicle * * * within this state, if any of the following apply: The person has a concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath." Am.Sub. S.B. No. 163, 149 Ohio Laws, Part II, 3553, 3564). Count B charged Douglas with violating former R.C. 4511.19(A)(1) ("No person shall operate any vehicle * * * within this state, if any of the following apply: The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." Am.Sub. S.B. No. 163, 149 Ohio Laws, Part II, 3553, 3564). Counts A and B were both charged in one criminal case against Douglas in the Hamilton County Municipal Court.

{¶ 3} Douglas moved to suppress the results of her breath-alcohol test. On October 8, 2003, appellee, Judge John H. Burlew, of the municipal court, denied the motion.

{¶ 4} On November 18, 2003, Douglas entered into an agreement with the state in which she pleaded no contest to Count A (R.C. 4511.19(A)(6)) in return for the state's dismissal of Count B (R.C. 4511.19(A)(1)). Judge Burlew sentenced Douglas upon her no-contest plea to Count A and dismissed Count B.

{¶ 5} Douglas appealed her conviction and sentence. She asserted that Judge Burlew erred in not granting her motion to suppress her breath-alcohol-test results. The Court of Appeals for Hamilton County reversed the municipal court judgment and remanded the cause for further proceedings. *State v. Douglas,* Hamilton App. No. C–030897, 2004-Ohio-5726, 2004 WL 2421847. The court of appeals determined that the state had failed to establish that it had substantially complied with an Ohio Department of Health regulation governing the testing of breath-alcohol levels. Id. at ¶ 5–7, 11.

{¶ 6} On November 16, 2004, Judge Burlew granted the state's motion to set aside the dismissal of Count B. Judge Burlew then set the case for trial.

{¶ 7} On December 17, 2004, Douglas filed a petition in the court of appeals, seeking a writ of prohibition to prevent Judge Burlew from exercising jurisdiction over Count B. Judge Burlew moved to dismiss the petition for failure to state a claim upon which relief can be granted. On January 21, 2005, the court of appeals granted Judge Burlew's motion and dismissed the petition.

{¶ 8} This cause is now before the court upon Douglas's appeal as of right.

{¶ 9} Douglas asserts that the court of appeals erred in dismissing her prohibition action. In order to be entitled to the writ, Douglas must establish that (1) Judge Burlew is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *Tatman v. Fairfield Cty. Bd. of Elections,* 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130, ¶ 14.

{¶ 10} " 'In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.' " *State ex rel. Conkle v. Sadler,* 99 Ohio St.3d 402, 2003-Ohio-4124, 792 N.E.2d 1116, ¶ 8, quoting *State ex rel. Shimko v. McMonagle* (2001), 92 Ohio St.3d 426, 428–429, 751 N.E.2d 472. For the following reasons, Judge Burlew does not patently and unambiguously lack jurisdiction to set aside the dismissal of Count B and proceed on that DUI charge.

{¶ 11} "Upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred." *State ex rel. Stevenson v. Murray* (1982), 69 Ohio St.2d 112, 113, 23 O.O.3d 160, 431 N.E.2d 324. This rule has been applied to criminal cases. See *State v. Filiaggi* (1999), 86 Ohio St.3d 230, 240, 714 N.E.2d 867; *State v. Gonzales*, 151 Ohio App.3d 160, 2002-Ohio-4937, 783 N.E.2d 903, ¶ 61; *State v. Leonard* (June 21, 2001), Franklin App. No. 00AP–1229, 2001 WL 697999.

{¶ 12} As Judge Burlew notes, the error occurred when he denied Douglas's motion to suppress her breath-alcohol-test results, which occurred *before* Douglas entered a plea of no contest to one DUI charge in return for the state's dismissal of the remaining DUI charge in the criminal case. Therefore, setting aside the dismissal of Count B is arguably supported by *Stevenson* and comparable cases.

{¶ 13} Moreover, the sole case relied upon by Douglas is distinguishable from this case. In *State ex rel. Flynt v. Dinkelacker*, 156 Ohio App.3d 595, 2004-Ohio-1695, 807 N.E.2d 967, the court of appeals held that a trial court judge patently and unambiguously lacked jurisdiction to reinstate a 15–count indictment when the indictment had been voluntarily dismissed by the state pursuant to a plea agreement. In *Flynt*, the court emphasized that permitting "[a] conditional dismissal in a criminal matter would allow a prosecutor to keep a defendant perpetually indicted, without any idea concerning, or control over, when the matter would be resolved." Id. at ¶ 15; see, also, ¶ 26 ("The state cannot reinstate a dismissed indictment and perpetually save a place in a judge's courtroom to prosecute the Flynts"). By contrast, this case does not involve any perpetual condition. Furthermore, *Flynt* involved the dismissal of an entire indictment against the named relators, whereas this case involves the dismissal of one of two counts in the case against Douglas. Cf. Crim.R. 48(A)[1] ("The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate"). And as the court in *Flynt* noted, "When a criminal case is dismissed, it is over—except in the case where the dismissal is appealed." Id. at ¶ 20. Here, unlike in *Flynt*, a part of the criminal case *was* appealed.

{¶ 14} Similarly, we have held that a writ of prohibition will prevent the exercise of jurisdiction when an *entire case* has been dismissed. See, e.g., *Page v. Riley* (1999), 85 Ohio St.3d 621, 623, 710 N.E.2d 690 ("When a trial court unconditionally dismisses a case or a case has been properly voluntarily dismissed * * *, the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction"); see,

---

1. Traf.R. 20 provides, "If no procedure is specifically prescribed by these rules, the Rules of Criminal Procedure and the applicable law apply."

also, *State ex rel. Hunt v. Thompson* (1992), 63 Ohio St.3d 182, 183, 586 N.E.2d 107; *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100.

{¶ 15} Finally, we have held that comparable claims of breached plea agreements or double jeopardy are remediable by appeal rather than by extraordinary writ. See *Howard v. Randle*, 95 Ohio St.3d 281, 2002-Ohio-2122, 767 N.E.2d 268; *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 491, 633 N.E.2d 1128; *Wenzel v. Enright* (1993), 68 Ohio St.3d 63, 623 N.E.2d 69, paragraphs one and two of the syllabus.

{¶ 16} Based on the foregoing, Judge Burlew does not patently and unambiguously lack jurisdiction to set aside the dismissal of the DUI charge and proceed upon the charge. We need not expressly decide Douglas's claims that Judge Burlew lacks jurisdiction, because our review is restricted to whether Judge Burlew *patently and unambiguously* lacks jurisdiction. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, ¶ 32. Because Douglas has an adequate remedy by appeal to raise her claims, she is not entitled to the requested extraordinary relief in prohibition. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Lyons & Lyons Co., L.P.A., and Robert H. Lyons, for appellant.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.