HAYNES, APPELLANT, v. VOORHIES, WARDEN, APPELLEE.

[Cite as *Haynes v. Voorhies,* 110 Ohio St.3d 243, 2006-Ohio-4355.]

(No. 2006–0649—Submitted July 18, 2006—Decided September 6, 2006.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a habeas corpus petition.

{¶ 2} In 2001, appellant, Shannon Haynes, was convicted of kidnapping, rape, and murder and was sentenced to prison. On appeal, that judgment was affirmed. *State v. Haynes,* Franklin App. No. 01AP–430, 2002-Ohio-4389, 2002 WL 1969636. This court did not accept Haynes's discretionary appeal. 97 Ohio St.3d 1484, 2002-Ohio-6866, 780 N.E.2d 287.

{¶ 3} On January 17, 2006, Haynes filed a petition in the Court of Appeals for Scioto County for a writ of habeas corpus to compel appellee, Southern Ohio

Correctional Facility Warden Edwin Voorhies, to release him from prison. Haynes claimed that the trial court lacked jurisdiction to convict and sentence him for felony murder because the amendment of his indictment to charge that crime was improper for the reason that felony murder is not a lesser included offense of aggravated felony murder. On February 13, 2006, the warden filed a motion to dismiss the petition for failure to state a claim upon which relief can be granted. On February 16, 2006, the court of appeals granted the warden's motion and dismissed the petition.

{¶ 4} In his appeal as of right, Haynes asserts that the court of appeals erred in dismissing his habeas corpus petition. For the following reasons, Haynes's claims lack merit.

{¶ 5} As the court of appeals held, habeas corpus is not available to remedy a claim concerning the validity of an amendment to an indictment. See, e.g., *Howard v. Randle,* 95 Ohio St.3d 281, 2002-Ohio-2122, 767 N.E.2d 268, ¶ 6; *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134. Haynes's claim "challenges the validity or sufficiency of his [amended] indictment, is nonjurisdictional in nature, and should have been raised in an appeal of his criminal conviction rather than in habeas corpus." *State ex rel. Raglin v. Brigano* (1998), 82 Ohio St.3d 410, 696 N.E.2d 585.

{¶ 6} Moreover, insofar as Haynes raised the issue of the propriety of the lesser included offense of felony murder (see *Haynes,* supra, at ¶ 115–116) in his previous unsuccessful appeal, res judicata bars him from using habeas corpus " 'to gain successive appellate reviews of the same issue.' " *Smith v. Bradshaw,* 109 Ohio St.3d 50, 2006-Ohio-1829, 845 N.E.2d 516, ¶ 15, quoting *State ex rel. Rash v. Jackson,* 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344, ¶ 12.

{¶ 7} Finally, even assuming the invalidity of Haynes's murder conviction, he is not entitled to the writ, because he is also incarcerated on convictions for kidnapping and rape. " 'Where a petitioner is incarcerated for several crimes, the fact that the sentencing court may have lacked jurisdiction to sentence him on one of the crimes does not warrant his release in habeas corpus.' " *Marshall v. Lazaroff* (1997), 77 Ohio St.3d 443, 444, 674 N.E.2d 1378, quoting *Swiger v. Seidner* (1996), 74 Ohio St.3d 685, 687, 660 N.E.2d 1214.

{¶ 8} For the foregoing reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

Shannon Haynes, pro se.