DECISION AND JUDGMENT
{¶ 1} Petitioner, David O'Neill, filed a petition for a writ of prohibition against the Honorable Alan R. Mayberry, Judge of the Wood County Court of Common Pleas, General Division. In the petition, O'Neil requests that this court issue a writ of prohibition, pursuant to R.C. Chapter 2731, ordering respondent to refrain from exercising jurisdiction by conducting a jury trial. *Page 2 
 {¶ 2} We issued an alternative writ and ordered respondent either to refrain from performing the act or show cause by filing an answer. Respondent filed an answer, and both parties have filed motions for summary judgment and motions in opposition. The matter is now decisional.
 {¶ 3} A brief procedural history of this matter is in order. In February 2006, O'Neill was indicted for five counts, listed in numerical order as follows: (1) aggravated vehicular assault, a violation of R.C. 2903.08(A)(1)(a) and a felony of the third degree; (2) failure to stop after an accident, a violation of R.C. 4549.02(A) and (B) and a felony of the third degree; (3) aggravated vehicular homicide, a violation of R.C. 2903.06(A)(1)(a) and a felony of the second degree; (4) operating a vehicle under the influence of alcohol, a violation of R.C. 4511.19(A)(1)(a) and a misdemeanor of the first degree; and (5) operating a vehicle under the influence of alcohol, a violation of R.C. 4511.19(A)(1)(f) and a misdemeanor of the first degree.
 {¶ 4} Count 5, alleging a violation of R.C. 4511.19(A)(1)(f), required proof that the defendant operated a motor vehicle with "a concentration of seventeen-hundredths of one per cent or more by weight per unit volume of alcohol in the person's whole blood." In contrast, Count 4, a violation of R.C. 4511.19(A)(1)(a), only required proof that the defendant operated a motor vehicle "under the influence of alcohol, a drug of abuse, or a combination of them." *Page 3 
 {¶ 5} The trial court denied O'Neill's motion to suppress the results of his blood alcohol tests performed after his arrest. Pursuant to a negotiated plea agreement, O'Neill entered pleas of no contest to Counts 1, 2, 3, and 5. In exchange, the state dismissed Count 4. O'Neill was sentenced upon his no contest pleas.
 {¶ 6} O'Neill appealed his conviction and sentence, asserting that the trial court erred in failing to suppress his blood-alcohol test results. In State v. O'Neill, 175 Ohio App.3d 402, 2008-Ohio-818, we found that the state failed to demonstrate substantial compliance with applicable regulations governing blood-alcohol testing. Due to that error, we vacated O'Neill's convictions for operating a vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1)(f). Because O'Neill's convictions for aggravated vehicular homicide and aggravated vehicular assault depended upon a violation of R.C. 4511.19, those convictions were also vacated. The conviction and sentence for failure to stop after an accident was affirmed. In disposing of the matter, the decision did not specifically state that the matter was remanded to the trial court for further proceedings. State v. O'Neill, 2008-Ohio-818, ¶ 35.
 {¶ 7} In his petition, O'Neill asserts that respondent is about to exercise jurisdiction over the matter. Respondent acknowledges that the state is now prosecuting O'Neill under the original indictment. O'Neill filed a motion in opposition to jurisdiction with respondent, arguing that the trial court lacked jurisdiction because this court's *Page 4 
decision on appeal did not include language specifically remanding the case to the trial court.
 {¶ 8} Respondent denied the motion in opposition to jurisdiction. In an order dated May 16, 2008, respondent noted that the state has not sought a new indictment against O'Neill. It concluded, however, that this court's decision on appeal placed O'Neill in the position that he was in after indictment but prior to trial, citing, inter alia,Burks v. United States (1978), 427 U.S. 1 and State v. Harman (1993),67 Ohio St.3d 30.
 {¶ 9} O'Neill then filed the instant petition for a writ of prohibition. In his petition, he requests that we order respondent to refrain from exercising jurisdiction in the state's prosecution under the original indictment. In support of his argument that respondent lacks jurisdiction, he only points to the lack of language remanding the case back to the trial court after appeal, citing State v. O'Neill,175 Ohio App.3d 402, 2008-Ohio-818, ¶ 35. We find no merit in his petition.
 {¶ 10} "A writ of prohibition is an extraordinary writ that is not routinely or easily granted. State ex rel. Barclays Bank PLC v. HamiltonCty. Court of Common Pleas (1996), 74 Ohio St.3d 536. In order to be entitled to a writ of prohibition, a relator must establish that (1) the court or officers against whom it is sought are about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary *Page 5 
course of law exists. State ex rel. Jones v. Garfield Hts. Mun.Court (1997), 77 Ohio St.3d 447, 448.
 {¶ 11} "* * * [A]bsent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction possesses an adequate remedy by appeal. State ex rel. Enyart v. O'Neill (1995),71 Ohio St.3d 655, 656. However, if a lower court patently and unambiguously lacks jurisdiction over the cause, prohibition will issue to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions.State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v.Franklin Cty. Court of Common Pleas (1996), 76 Ohio St.3d 287, 289."State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335, 336-337.
 {¶ 12} We find respondent's argument regarding State ex rel. Douglasv. Burlew, 106 Ohio St.3d 180, 2005-Ohio-4382, well-taken.Douglas is directly on point as it mirrors the procedural history of this case. In Douglas, the petitioner requested relief in prohibition to prevent a trial court judge from exercising jurisdiction over a charge of driving under the influence of alcohol. The defendant, Douglas, was originally cited for two DUI counts, identical to the DUI counts with which O'Neill was originally charged in the case underlying the instant action. As with O'Neill, Douglas moved to suppress the results of her blood-alcohol tests, and the trial court denied that motion. Also as with O'Neill, Douglas then entered into a plea agreement and pled no contest to the DUI *Page 6 
charge dependent upon proof of blood-alcohol levels. As with O'Neill, the state dismissed the "general" DUI charge. The trial court then convicted and sentenced Douglas on the DUI charge dependent upon proof of blood-alcohol levels.
 {¶ 13} On appeal, the appellate court ruled that the trial court erred in not suppressing the blood-alcohol tests. State v. Douglas, 1st Dist. No. C-03-0897, 2004-Ohio-5726. The trial judge, Judge Burlew, then granted the state's motion to set aside the dismissal of the general DUI charge. Douglas then filed a petition seeking a writ of prohibition, arguing that Judge Burlew lacked jurisdiction over the revived general DUI charge.
 {¶ 14} The Supreme Court held that Judge Burlew did not patently and unambiguously lack jurisdiction. "`Upon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred.' State ex rel. Stevenson v. Murray (1982), 69 Ohio St.2d 112,113. This rule has been applied to criminal cases. See State v.Filiaggi (1999), 86 Ohio St.3d 230, 240; * * *." State ex rel. Douglasv. Burlew, 2005-Ohio-4382, ¶ 11. Actually, the rule is long-standing: "[W]hen the cause was remanded to the common pleas it stood * * * precisely as when first at issue, and before any error had occurred."Sutcliffe v. State (1849), 18 Ohio 469, 480.
 {¶ 15} Douglas further explained: "As Judge Burlew notes, the error occurred when he denied Douglas's motion to suppress her breath-alcohol-test results, which *Page 7 
occurred before Douglas entered a plea of no contest to one DUI charge in return for the state's dismissal of the remaining DUI charge in the criminal case." Id. at ¶ 12.
 {¶ 16} O'Neill focuses upon one distinguishing fact inDouglas: The underlying appeal in Douglas did include specific language remanding the matter to the trial court. State v. Douglas,2004-Ohio-5726, ¶ 12. This fact, however, does not help O'Neill establish the requirements for an extraordinary writ of prohibition.
 {¶ 17} While O'Neill has demonstrated that Judge Mayberry is about to exercise judicial power, he has not demonstrated that Judge Mayberry patently and unambiguously lacks jurisdiction to proceed. In his order denying O'Neill's motion in opposition to jurisdiction, Judge Mayberry noted that our determination on appeal placed O'Neill back in the position he was in when the error occurred — namely, after Judge Mayberry's ruling on the suppression motion but before the plea agreement wherein the state dismissed the general DUI charge. Judge Mayberry's judgment was correct.
 {¶ 18} Additionally, the absence of language specifically remanding the case to the trial court was a technical mistake and indicated nothing with respect to the trial court's jurisdiction. App. R. 12 requires an appellate court to rule on each assignment of error presented unless that assignment is moot, and then to review and affirm, modify, or reverse the judgment or final order appealed. App. R. 12(A). The rule further provides that in "all other cases," other than those reversed as against the manifest weight of the evidence, where prejudicial error is found, "the judgment or final order of the trial court *Page 8 
shall be reversed and the cause shall be remanded to the trial court for further proceedings." App. R. 12(D). The judgment, which constituted the mandate pursuant to App. R. 27 stated: "Judgment affirmed in part and reversed in part." Pursuant to App. R. 12(D), then, the matter should have been specifically remanded.
 {¶ 19} Therefore, we are issuing an order of errata contemporaneously with this decision. According to the order of errata, the decision and judgment entry in State v. O'Neill, 175 Ohio App.3d 402, 2008-Ohio-818
(6th Dist. No. WD-06-055), dated February 29, 2008, will be corrected by adding, after the fifth sentence of paragraph 41, the sentence, "This matter is remanded to the trial court for further proceedings consistent with this decision and judgment entry."
 {¶ 20} To reiterate, our review is limited to whether Judge Mayberry patently and unambiguously lacks jurisdiction. Douglas, 2005-Ohio-4382, ¶ 16. As in Douglas, O'Neill is unable to demonstrate that necessary element, and is, therefore, not entitled to extraordinary relief in prohibition.
 {¶ 21} For the foregoing reasons, summary judgment is granted to respondent. Costs are assessed to petitioner. To the clerk: Serve upon all parties notice of the judgment and its date of entry upon the journal in a manner prescribed by Civ. R. 5(B).
WRIT DENIED. *Page 9 
Peter M. Handwork, J., Mark L. Pietrykowski, J., William J. Skow, P.J., CONCUR. *Page 1