[Cite as *Settlers Walk Home Owners Assn. v. Phoenix Settlers Walk, Inc.*, 2017-Ohio-1500.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
| SETTLERS WALK HOME OWNERS ASSOCIATION, | : | |
| | : | CASE NO. CA2016-09-082 |
| Plaintiff-Appellee, | | |
| | : | O P I N I O N |
| - vs - | | 4/24/2017 |
| | : | |
| PHOENIX SETTLERS WALK, INC., et al., | : | |
| | : | |
| Defendants-Appellants. | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 09 CV 76003

Scott G. Oxley, 325 North Main Street, Suite 204, Springboro, Ohio 45066, for plaintiff-appellee, Settlers Walk Home Owners Association

Dinsmore & Shohl, LLP, Susan D. Solle, 1100 Courthouse Plaza SW, 10 North Ludlow Street, Dayton, Ohio 45402, for defendant-appellant, Phoenix Settlers Walk, Inc.

Coolidge Wall Co., L.P.A., Patricia J. Friesinger, W. Chip Herin III, 33 West First Street, Suite 600, Dayton, Ohio 45402, for defendant, Phoenix Harbor Cove, Inc.

David P. Fornshell, Warren County Prosecuting Attorney, Christopher A. Watkins, 520 Justice Drive, Lebanon, Ohio 45036, for defendant, Jim Aumann, Warren County Treasurer


**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Phoenix Settlers Walk, Inc. ("Phoenix"), appeals from a decision of the Warren County Court of Common Pleas denying its motion to have final judgment entered in its favor and against plaintiff-appellee, Settlers Walk Home Owners

Association ("Settlers Walk HOA").[1]  For the reasons set forth below, we reverse the trial court's decision and remand the matter for further proceedings consistent with this Opinion.

{¶ 2}  The facts pertinent to the present appeal were previously set forth by this court in *Settlers Walk Home Owners Assn. v. Phoenix Settlers Walk, Inc.*, 12th Dist. Warren Nos. CA2014-09-116, CA2014-09-117, and CA2014-09-118, 2015-Ohio-4821, and are hereby are incorporated as follows:

> [Settlers Walk] is a large residential community located in Springboro, Warren County, Ohio that is divided into multiple smaller neighborhoods, such as the Cove and Stonebridge, which are subject to a declaration of covenants, conditions and restrictions, and reservation of easements (Declaration).  It is undisputed that the Declaration was recorded with the Warren County Recorder's Office on February 5, 1996.  * * *

> In early 2008, Martin-Coffman Development Company, Inc. (Martin-Coffman) sold approximately 50 of its lots located within the Settlers Walk residential community to Phoenix.  Thereafter, on March 7, 2008, Phoenix took deeds to these various properties in lieu of foreclosure.  It is undisputed that Martin-Coffman had not paid any assessments on the subject properties for the years 2003 through 2007.  It is also undisputed that Settlers Walk HOA did not record any lien notice with the Warren County Recorder's Office with respect to Martin-Coffman's unpaid assessments.

> On December 17, 2009, Settlers Walk HOA filed a complaint against Phoenix seeking to collect on the unpaid assessments Martin-Coffman had not paid for the years 2005 through 2007, as well as those assessments Phoenix had not paid for the year 2009.  Settlers Walk HOA subsequently amended its complaint on two separate occasions seeking to collect additional unpaid assessments for the years 2003 through 2007 and 2009 through 2013.  Phoenix generally denied Settlers Walk HOA's claims made as part of its various complaints.

> On April 9, 2013, First Financial Bank, Settlers Walk HOA and Phoenix entered into an escrow agreement to facilitate the sale of a number of lots Phoenix owned within the Cove and Stonebridge neighborhoods.  The escrow agreement states, in pertinent part [that] * * * "[i]n order to facilitate the sale of lots 21, 22, 36, 39, 38, 37, (collectively, 'Stonebridge Lots') and lots 36, 76, 84, 86, 87,

---

1. Pursuant to Loc.R. 6(a), we hereby sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

88 ('Cove Lots') the parties to the Agreement have agreed to escrow $30,789.00 with an Escrow Agent as hereinafter provided. * * * [Pursuant to this Agreement] [a]ll pre-2009 Settlers Walk HOA fees and late charges in the total amount of $30,789.00 (the '*Escrow Funds*') shall be withheld in escrow by Escrow Agent and disbursed in accordance with the terms and conditions of this Agreement [and] [a]ll 2009 and post-2009 Settlers Walk HOA fees, late charges, and attorney fees in the total amount of $64,003.00 shall be paid to Settlers Walk HOA." * * * After the sale of these lots was completed, an additional sum slightly in excess of $11,000.00 was then placed in escrow in order to facilitate the sale of two more lots, thereby raising the total amount held in escrow to $41,956.66.

On September 18, 2013, a one-day bench trial was held before a magistrate. * * * Following trial, on January 13, 2014, the magistrate issued a decision granting judgment to Settlers Walk HOA. * * *

On March 18, 2014, the magistrate issued a supplemental decision, wherein it found "[t]he $41,956.66 currently held in escrow is ordered released to [Settlers Walk HOA] in partial satisfaction of Phoenix's * * * personal liability." Phoenix and First Financial Bank then filed objections to the magistrate's decision. Settlers Walk HOA, however, did not file any objections.

On March 28, 2014 and June 3, 2014, the trial court issued separate decisions overruling both Phoenix and First Financial Bank's objections to the magistrate's decision. In so holding, the trial court affirmed and adopted the magistrate's decision by also concluding "Section 9.5 of the covenants creates a lien for unpaid assessments, enforceable in rem against each lot owned by Phoenix, and enforceable in personam against Phoenix for assessments due since Phoenix took title." The trial court further found that First Financial Bank was not entitled to any of the $41,956.66 held in escrow. * * *

On June 6, 2014, the trial court issued a decision to correct an oversight in its original decisions affirming and adopting the magistrate's decision. As part of this amended decision, the trial court reiterated that upon the sale of any of the subject property owned by Phoenix, "First Financial Bank is entitled to have its lien paid first as it holds first lien priority."

On August 6, 2014, the trial court entered a final judgment entry, wherein it incorporated its earlier decisions and found in favor of Settlers Walk HOA. Specifically, the trial court granted judgment to Settlers Walk HOA "as against Phoenix 'in rem' only of a total amount of $46,608.64" representing the unpaid assessments and late fees for the years 2005 through 2007 and "as against

Phoenix 'in rem and in personam' for a total amount of $74,204.38" representing the unpaid assessments and late fees for the years 2009 through 2013. The trial court then ordered the $41,956.66 held in escrow be released to Settlers Walk HOA.

*Settlers Walk* at ¶ 2-10.

{¶ 3} The parties appealed. Phoenix challenged the trial court's determination that Settlers Walk HOA perfected an enforceable lien against the property that ran with the land by recording the Declaration itself, without ever recording a separate instrument notifying any potential bona fide purchaser that it had a lien on the property resulting from unpaid assessments. This court found merit to Phoenix's assigned error, stating in relevant part:

> [T]he undisputed facts show that at the time the Declaration was recorded on February 5, 1996, there existed no actual lien upon the subject property as no assessment had been charged, much less stood unpaid or delinquent. In turn, although advocating for this court to affirm the trial court's decision, we find Settlers Walk HOA did not have a perfected and enforceable lien on the subject property that ran with the land merely by saying so as part of the recorded Declaration. Again, as the Ohio Supreme Court has stated, "there can be no lien unless there is a debt[.]" *Choteau*, [*Merle & Sandford v. Thompson & Campbell*], 2 Ohio St. [114], 124 [(1853)]. Therefore, in accordance with the provisions found in R.C. 5301.25(A), once the assessments went unpaid and a debt was established, Settlers Walk HOA should have recorded a separate instrument with the county recorder to perfect its lien and provide notice to any subsequent bona fide purchaser that it had a lien on the subject property. Settlers Walk HOA simply did not do that here.
>
> * * *
>
> In light of the foregoing, we find the trial court erred by finding Settlers Walk HOA perfected an enforceable lien against the subject property by simply recording the Declaration itself without ever recording a separate instrument notifying any potential bona fide purchaser that it had a lien on the property resulting from the unpaid assessments. The trial court, therefore, erred by requiring Phoenix to pay any unpaid assessments and late fees imposed for the years 2005 through 2007 prior to Phoenix purchasing the subject property in 2008. Accordingly, Phoenix's single assignment of error is sustained and the trial court's decision holding otherwise is reversed.

*Settlers Walk* at ¶ 19, 26. We also addressed, and found to be without merit, errors assigned by Settlers Walk HOA and First Financial Bank. *Id.* at ¶ 28-40. We therefore "affirmed in part and reversed in part" the judgment of the trial court. *Id.* at ¶ 41. The Judgment Entry accompanying our opinion provided, in relevant part:

> The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed in part and reversed in part according to law and consistent with the Opinion filed the same date as this Judgment Entry.

> It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.

*Settlers Walk Home Owners Assn. v. Phoenix Settlers Walk, Inc.*, 12th Dist. Warren Nos. CA2014-09-116, CA2014-09-117, and CA2014-09-118 (Nov. 23, 2015) (Judgment Entry).

{¶ 4} Settler's Walk appealed this court's decision to the Ohio Supreme Court, which declined jurisdiction. On March 9, 2016, Phoenix filed a "Motion for Court to Enter Final Judgment Entry Consistent with Court of Appeals November 23, 2015 Decision," seeking to have the trial court enter judgment in its favor for the assessments, late fees, and attorney fees erroneously awarded to Settlers Walk HOA. Settler's Walk HOA opposed the motion, arguing that Phoenix's failure to post a cash bond or a supersedeas bond to prevent it from executing on the trial court's final judgment entry made the issue moot. On April 26, 2016, Phoenix filed a "Renewed Motion to Enter Final Judgment," raising the same arguments set forth in is March 9, 2016 motion.

{¶ 5} On July 5, 2016, a magistrate issued a decision denying Phoenix's motion. In his opinion, the magistrate noted that "[n]either the opinion of the Court of Appeals, nor its judgment entry in this matter, contain an order of remand instructing the trial court to enter a judgment in [Phoenix's] favor. * * * In the absence of an order remanding this case to the Court with instructions, this Court lacks jurisdiction to take further action. Accordingly, the

- 5 -

motion is overruled."

{¶ 6} Phoenix filed objections to the magistrate's decision, arguing that the trial court was required to comply with or "execute on" the November 23, 2015 judgment entry and mandate rendered by this court. On August 23, 2016, the trial court overruled Phoenix's objections and adopted the magistrate's decision finding that it lacked jurisdiction to take further action. In adopting the magistrate's decision, the court stated:

> Upon review of this case, it is clear the Twelfth District determined this Court erred in requiring Phoenix to pay unpaid assessments and late fees imposed for the years 2005 through 2007. However, the appellate court does not then remand this matter to this Court directing that those unpaid assessments and late fees voluntarily paid by Phoenix in an effort to facilitate the sale of subject properties should now be returned to Phoenix. The Twelfth District's decision is decidedly silent on this issue. Though Phoenix believes the appellate court was "well aware" Phoenix was "forced" to "pay assessments for all of the sold lots" prior to this Court's judgment entry, this Court is not so omnipotent. Without a remanding instruction from the Twelfth District on this case, this Court will not order the return of these assessments and late fees that were paid by Phoenix through a negotiated agreement by the parties to facilitate the sale of the subject properties."

{¶ 7} Phoenix appealed from the trial court's decision, raising as its sole assignment of error the following:

{¶ 8} THE TRIAL COURT ERRED IN DECLINING TO ENTER JUDGMENT IN ACCORDANCE WITH THIS COURT'S OPINION AND MANDATE.

{¶ 9} Phoenix contends the trial court erred when it concluded it was without jurisdiction to grant its motion and enter judgment in its favor. Phoenix argues this court's prior decision in *Settlers Walk*, 2015-Ohio-4821, contained a "mandate specifically ordering the trial court to execute on its judgment" by rendering judgment in Phoenix's favor. Relying on the law-of-the-case doctrine, Phoenix claims the trial court was bound to adhere to this court's decision in *Settlers Walk*, and that the trial court's failure to do so has "converted" this court's prior decision into an improper advisory opinion.

- 6 -

{¶ 10} Settlers Walk HOA, on the other hand, contends the trial court properly denied Phoenix's motion as there was no remand instruction in our prior opinion. It asserts that had "the Court of Appeals * * * intended for the trial court to have further proceedings in the litigation * * * than this Court of Appeals would have instructed the trial court to do so." It also sets forth arguments that Phoenix's failure to post a cash bond or a supersedeas bond to prevent Settlers Walk HOA from executing on the trial court's final judgment entry prevents it from seeking to recover funds "voluntarily paid" to Settlers Walk HOA.[2]

{¶ 11} "The judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97 (1978). The law-of-the-case doctrine "provides that the decision of a reviewing court in a case remains the law on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984).

{¶ 12} This court previously determined that judgment in Settlers Walk HOA's favor was improper, and that it was not entitled to unpaid assessments and late fees imposed for the years 2005 through 2007. Specifically, we stated:

> [W]e find the trial court erred by finding Settlers Walk HOA perfected an enforceable lien against the subject property by simply recording the Declaration itself without ever recording a separate instrument notifying any potential bona fide purchaser that it had a lien on the property resulting from the unpaid assessments. The trial court, therefore, erred by requiring Phoenix to pay any unpaid assessments and late fees imposed for the years 2005 through 2007 prior to Phoenix purchasing the subject property in 2008.

*Settlers Walk*, 2015-Ohio-4821 at ¶ 26. We therefore reversed the trial court's judgment as it

---

2. The narrow issue before this court is whether the trial court had jurisdiction following this court's decision in *Settlers Walk Home Owners Assn. v. Phoenix Settlers Walk, Inc.*, 12th Dist. Warren Nos. CA2014-09-116, CA2014-09-117, and CA2014-09-118, 2015-Ohio-4821. We therefore find it unnecessary to address Settlers Walk HOA's arguments regarding the effect of Phoenix's failure to file a supersedeas bond as such arguments are not relevant to the issue of the trial court's jurisdiction to comply with our earlier mandate.

related to Settlers Walk. *Id.* at ¶ 26, 41. In rendering judgment, we made a technical mistake in omitting to state that "the matter was remanded for further proceedings." This mistake, however, indicated nothing with respect to the trial court's jurisdiction. *See O'Neill v. Mayberry*, 6th Dist. Wood No. WD-08-077, 2009-Ohio-1123, ¶ 18 (finding that "the absence of language specifically remanding the case to the trial court was a technical mistake and indicated nothing with respect to the trial court's jurisdiction" and that such mistake could be corrected with an order of errata).

{¶ 13} App.R. 12(A)(1)(c) requires an appellate court to rule on each assignment of error presented unless that assignment is moot. An appellate court shall "[r]eview and affirm, modify, or reverse the judgment or final order appealed from." App.R. 12(A)(1)(a). "When a court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order." App.R. 12(B). In "all other cases" where prejudicial error has been found, other than those reversed as against the manifest weight of the evidence, "the judgment or final order of the trial court shall be reversed *and the cause shall be remanded to the trial court for further proceedings.*" (Emphasis added.) App.R. 12(D).

{¶ 14} Here, the November 23, 2015 Judgment Entry, which constituted the mandate pursuant to App.R. 27, stated that "the judgment or final order appealed from be, and the same hereby is, affirmed in part and reversed in part according to law and consistent with the Opinion filed the same date as this Judgment Entry." Pursuant to App.R. 12, as this court did not render judgment in favor of Phoenix as a matter of law, then the matter should have been specifically remanded to the trial court. *See O'Neill* at ¶ 18; App.R. 12. Consequently, this

court is issuing an order of errata contemporaneously with this decision to correct the opinion and Judgment Entry in *Settlers Walk*, 2015-Ohio-4821, to the extent that ¶ 41 of *Settlers Walk* shall be corrected to state the following: "Judgment affirmed in part and reversed in part, and the matter remanded for further proceedings." The Judgment Entry accompanying our decision in *Settlers Walk*, 2015-Ohio-4821, dated November 23, 2015, shall be corrected to add that "the matter is remanded for further proceedings" and will now provide, in relevant part, as follows:

> The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed in part, reversed in part, and the matter remanded for further proceedings according to law and consistent with the Opinion filed on November 23, 2015.

{¶ 15} Therefore, having concluded that our technical mistake of omitting the word "remanded" did not deny the trial court jurisdiction, we sustain Phoenix's sole assignment of error. The trial court's decision finding it lacked jurisdiction to consider Phoenix's "Motion for Court to Enter Final Judgment Entry Consistent with Court of Appeals November 23, 2015 Decision" is reversed. This matter is remanded for the trial court to consider the merits of Phoenix's motion and to comply with the holding of our prior decision in *Settlers Walk*, 2015-Ohio-4821.

{¶ 16} Judgment reversed and the matter remanded for further proceedings.

RINGLAND and PIPER, JJ., concur.