**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Patrick v. Bunting,* **Slip Opinion No. 2017-Ohio-6954.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-6954

PATRICK, APPELLANT, *v.* BUNTING, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Patrick v. Bunting,* **Slip Opinion No. 2017-Ohio-6954.]**

*Habeas corpus—Writ of habeas corpus is not the proper means through which to challenge a complaint or indictment or to raise claims related to arrest— Petitioner had adequate remedy at law—Court of appeals' denial of writ affirmed.*

(No. 2016-1375—Submitted May 16, 2017—Decided July 27, 2017.)

APPEAL from the Court of Appeals for Marion County,

No. 9-16-31.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Third District Court of Appeals dismissing the petition of appellant, Alonzo Raymont Patrick, for a writ of habeas corpus.

**{¶ 2}** In 2011, Patrick pleaded guilty to charges of aggravated burglary with a firearm specification, abduction, and having a weapon while under a disability. He was convicted and sentenced to seven years of imprisonment, with his maximum sentence expiring in March 2018. Patrick is currently confined at the Marion Correctional Institution.

**{¶ 3}** In 2016, Patrick filed a habeas corpus petition in the Third District Court of Appeals, requesting immediate release from prison. He asserted that the common pleas court lacked jurisdiction over his 2011 indictment due to alleged problems related to the charging complaint and his arrest.

**{¶ 4}** Respondent, Jason Bunting, the warden of the Marion Correctional Institution, filed a motion to dismiss. The Third District Court of Appeals granted the motion for two reasons: Patrick failed to submit an affidavit describing his prior civil actions, as required under R.C. 2969.25(A), and his claims were not cognizable in habeas corpus.

**{¶ 5}** "Habeas corpus will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05. The few situations in which habeas corpus may lie to correct a nonjurisdictional error are those in which there is no adequate remedy at law." *Appenzeller v. Miller*, 136 Ohio St.3d 378, 2013-Ohio-3719, 996 N.E.2d 919, ¶ 9.

**{¶ 6}** On appeal, Patrick argues that the trial court lacked both personal and subject-matter jurisdiction over his 2011 criminal case due to various alleged problems with the charging complaint as well as his subsequent arrest and confinement. His main objection seems to be that the complaint, which states that it was sworn on March 3, 2011, alleges misconduct occurring on March *31*, 2011. As a result, he says, the trial court violated his constitutional due-process rights.

**{¶ 7}** The timing discrepancy on the complaint is puzzling, but it is ultimately irrelevant. Habeas corpus is neither available to challenge a complaint or indictment, *see Harris v. Bagley*, 97 Ohio St.3d 98, 2002-Ohio-5369, 776 N.E.2d

2

490, ¶ 1-3, nor the appropriate vehicle to raise claims related to arrest, *see Simpson v. Maxwell*, 1 Ohio St.2d 71, 203 N.E.2d 324 (1964). Patrick had an adequate remedy in the ordinary course of the law to raise his claims, and indeed he pursued similar arguments on appeal. *See* brief of appellant, filed in *State v. Patrick*, 8th Dist. Cuyahoga No. 102386, on Feb. 13, 2015.

{¶ 8} Patrick also challenges the court of appeals' decision to dismiss his petition for noncompliance with the affidavit requirement set forth in R.C. 2969.25(A). But because Patrick's claims are not cognizable in habeas corpus, the question of his compliance with R.C. 2969.25(A) is of no moment.

{¶ 9} For the reasons above, we affirm the judgment of the court of appeals dismissing Patrick's petition for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, and DEWINE, JJ., concur.

FISCHER, J., not participating.

_____

Alonzo Raymont Patrick, pro se.

Michael DeWine, Attorney General, and M. Scott Criss, Assistant Attorney General, for appellee.

_____