[Cite as *Spires v. Marquis*, 2018-Ohio-3146.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| KEVIN SPIRES | : | JUDGES: |
| | : | |
| Petitioner | : | Hon., John W. Wise, PJ. |
| | : | Hon., Patricia A. Delaney, J. |
| | : | Hon., Earle E. Wise Jr., J. |
| -vs- | : | |
| | : | |
| DAVID MARQUIS, Warden | : | Case No. 18CA43 |
| Richland Correctional Institution | : | |
| | : | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Writ of Habeas Corpus


JUDGMENT:          Dismissed


DATE OF JUDGMENT:          August, 3, 2018


APPEARANCES:

For Petitioner:                                        For Respondent:

Kevin Spires A636889                          Michael DeWine
Richland Correctional Institution          Ohio Attorney General
1001 Olivesburg Rd.
P.O. Box 8107                                       Mary Anne Reese
Mansfield, Ohio  44901-8107               Assistant Attorney General
                                                              Criminal Justice Section
                                                              441 Vine Street, Suite 1600
                                                              Cincinnati, Ohio  45202

*Delaney, P.J.*

{¶1}    Petitioner Kevin Spires has filed a Complaint for Writ of Habeas corpus requesting release from prison based upon the allegation that the trial court improperly allowed his indictment to be amended without going through the grand jury. Respondent David Marquis, the warden of the Richland Correctional Institution has filed a Motion for Summary Judgment.

## FACTS

¶2}    Petitioner was convicted of eight counts of rape following a jury trial. During trial, the state moved to amend the indictment to reflect the victim was ten years of age rather than nine years of age during the allegations contained in the first four counts of the indictment. *State v. Spires*, 10th Dist. Franklin No. 10AP-861, 2011-Ohio-3312, ¶ 8. The trial court granted the motion to amend over Petitioner's objection. *Id.* Petitioner was convicted and sentenced to a term of 20 years to life in prison. Petitioner's sole claim is that the trial court lacked jurisdiction to convict him because the indictment was permitted to be amended without going through the grand jury process.

## SUMMARY JUDGMENT

{¶3}    "A court properly grants summary judgment "when an examination of all relevant materials filed in the action reveals that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Smith v. McBride,* 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 12, quoting Civ.R. 56(C)." *State ex rel. Marsh v. Tibbals*, 149 Ohio St.3d 656, 2017-Ohio-829, 77 N.E.3d 909, ¶ 11.

## HABEAS CORPUS

{¶4} "Habeas corpus will lie only to challenge the jurisdiction of the sentencing court. R.C. 2725.05." *Patrick v. Bunting*, 150 Ohio St.3d 537, 2017-Ohio-6954, 83 N.E.3d 926, ¶ 5. A claim regarding the validity of an amended indictment is nonjurisdictional in nature and should be raised on appeal of the criminal conviction. *Haynes v. Voorhies*, 110 Ohio St.3d 243, 2006-Ohio-4355, 852 N.E.2d 1198, ¶ 5 (2006)

{¶5} The Supreme Court has held, "[H]abeas corpus is not available to remedy a claim concerning the validity of an amendment to an indictment. See, e.g., *Howard v. Randle,* 95 Ohio St.3d 281, 2002-Ohio-2122, 767 N.E.2d 268, ¶ 6; *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134." *Haynes v. Voorhies*, 110 Ohio St.3d 243, 2006-Ohio-4355, 852 N.E.2d 1198, ¶ 6.

{¶6} Because a claim as to validity of an amended indictment does not lie in habeas corpus and because Petitioner has or had an adequate remedy at law by way of appeal to challenge the amended indictment, the writ of habeas corpus will not issue. The motion for summary judgment is granted.

By, Wise, P.J.

Delaney, J. and

E. Wise Jr., J. concur.

[Cite as *Spires v. Marquis*, 2018-Ohio-3146.]