[Cite as *Settlers Walk Home Owners' Assn. v. Phoenix Settlers Walk, Inc.*, 2021-Ohio-4547.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| SETTLERS WALK HOME OWNERS' ASSOCIATION, | : | |
| | : | CASE NO. CA2021-04-040 |
| Appellee, | : | O P I N I O N |
| | | 12/27/2021 |
| - vs - | : | |
| | : | |
| PHOENIX SETTLERS WALK, INC., et al., | : | |
| | : | |
| Appellants. | | |

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20-CS-3909

Scott G. Oxley Co., LPA, and Scott G. Oxley, for appellee.

Coolidge Wall, LPA, and W. Chip Herin III and Patricia J. Friesinger, for appellant, Phoenix Settlers Walk, Inc.

David P. Fornshell, Warren County Prosecuting, and Christopher A. Watkins, Assistant Prosecuting Attorney, for appellant, Warren Country Treasurer.

**S. POWELL, J.**

{¶ 1} Appellant, Phoenix Settlers Walk, Inc. ("Phoenix"), appeals the decision of the

Warren County Court of Common Pleas ordering appellee, Settlers Walk Home Owners'

Association ("Settlers Walk HOA"), to pay restitution to Phoenix in the amount of $46,609.64. Phoenix argues the trial court should have instead ordered Settlers Walk HOA to pay restitution in the amount of $191,499.85. For the reasons outlined below, we affirm as modified the trial court's decision by ordering Settlers Walk HOA to pay restitution to Phoenix in the amount of $158,530.24 plus post-judgment interest at the statutory rate, the proper figure we find Phoenix is entitled to recover for the assessments, late fees, and attorney fees for the years 2005 through 2007.

**Introduction**

{¶ 2} This case represents the third appeal taken on matters related to the assessments, late fees, and attorney fees the trial court erroneously awarded to Settlers Walk HOA following a one-day bench trial held on September 18, 2013. The first appeal resulted in this court releasing a decision in *Settlers Walk Home Owners Assn. v. Phoenix Settlers Walk, Inc.*, 12th Dist. Warren Nos. CA2014-09-116, CA2014-09-117, and CA2014-09-118, 2015-Ohio-4821, discretionary appeal not allowed, 145 Ohio St.3d 1444, 2016-Ohio-1596 ("*Settlers Walk I*"). That decision, along with this court's subsequent decision in *Settlers Walk Home Owners Assn. v. Phoenix Settlers Walk, Inc.*, 12th Dist. Warren No. CA2016-09-082, 2017-Ohio-1500 ("*Settlers Walk II*"), sets forth the relevant facts necessary to understand the arguments presented by Phoenix in this appeal. Those facts, as well as the relevant events that transpired after our decision in *Settlers Walk II* was released, are as follows.

**Facts and Procedural History**

{¶ 3} Settlers Walk is a large residential community located in Springboro, Warren County, Ohio that is divided into multiple smaller neighborhoods, such as the Cove and Stonebridge. These smaller neighborhoods are subject to a declaration of covenants, conditions and restrictions, and reservation of easements ("Declaration"). The Declaration

was recorded with the Warren County Recorder's Office on February 5, 1996.

{¶ 4} In early 2008, Martin-Coffman Development Company, Inc. ("Martin-Coffman") sold approximately 50 of its lots located within the Settlers Walk residential community to Phoenix. Prior to that sale, Martin Coffman had not paid any assessments on the subject properties for the years 2003 through 2007. Settlers Walk HOA had also not recorded any lien notice with the Warren County Recorder's Office with respect to Martin-Coffman's unpaid assessments.

{¶ 5} On December 17, 2009, Settlers Walk HOA filed a complaint against Phoenix seeking to collect on the unpaid assessments Martin-Coffman had not paid for the years 2005 through 2007. Settlers Walk HOA also sought to collect on the unpaid assessments Martin-Coffman had not paid for the year 2009. Settlers Walk HOA subsequently amended its complaint against Phoenix to include additional unpaid assessments for the years 2003 through 2007 and 2009 through 2013.

{¶ 6} On April 9, 2013, First Financial Bank, National Association ("First Financial Bank"), Settlers Walk HOA, and Phoenix entered into an escrow agreement. The purpose of this escrow agreement was to facilitate the sale of several lots owned by Phoenix. After the sale of these lots was completed, an additional sum was placed in escrow in order to facilitate the sale of two more lots. This increased the total amount held in escrow to $41,956.66.

{¶ 7} On September 18, 2013, a one-day bench trial was held before a trial court magistrate. Approximately four months later, on January 13, 2014, the magistrate issued a decision granting judgment to Settlers Walk HOA. Phoenix filed objections to the magistrate's decision, which the trial court subsequently denied upon finding "Section 9.5 of the covenants creates a lien for unpaid assessments, enforceable *in rem* against each lot owned by Phoenix, and enforceable *in personam* against Phoenix for assessments due

since Phoenix took title." (Emphasis sic.)

{¶ 8} On August 6, 2014, the trial court entered a final judgment entry that granted judgment to Settlers Walk HOA "as against Phoenix *'in rem'* only of a total amount of $46,608.64," an amount representing the unpaid assessments and late fees for the years 2005 through 2007. (Emphasis sic.) The trial court's final judgment entry also granted judgment to Settlers Walk HOA "as against Phoenix *'in rem and in personam'* for a total amount of $74,204.38," an amount representing the unpaid assessments and late fees for the years 2009 through 2013. (Emphasis sic.) The trial court further ordered the money being held in escrow released to Settlers Walk HOA.

{¶ 9} Phoenix, Settlers Walk HOA, and First Financial Bank all appealed the trial court's August 6, 2014 decision. In support of its appeal, Phoenix raised a single assignment of error arguing the trial court erred by finding Settlers Walk HOA perfected an enforceable lien against the property that ran with the land by recording the Declaration itself without ever recording a separate instrument notifying any potential bona fide purchaser that Settlers Walk HOA had a lien on the property resulting from the unpaid assessments. This court agreed with Phoenix, stating in relevant part, the following:

> [T]he undisputed facts show that at the time the Declaration was recorded on February 5, 1996, there existed no actual lien upon the subject property as no assessment had been charged, much less stood unpaid or delinquent. In turn, although advocating for this court to affirm the trial court's decision, we find Settlers Walk HOA did not have a perfected and enforceable lien on the subject property that ran with the land merely by saying so as part of the recorded Declaration. Again, as the Ohio Supreme Court has stated, "there can be no lien unless there is a debt[.]" *Choteau, [Merle & Sandford v. Thompson & Campbell]*, 2 Ohio St. [114], 124 [(1853)]. Therefore, in accordance with the provisions found in R.C. 5301.25(A), once the assessments went unpaid and a debt was established, Settlers Walk HOA should have recorded a separate instrument with the county recorder to perfect its lien and provide notice to any subsequent bona fide purchaser that it had a lien on the subject property. Settlers Walk HOA simply did not do that here.

*Settlers Walk I*, 2015-Ohio-4821 at ¶ 19.

{¶ 10} Concluding our discussion of Phoenix's single assignment of error, this court stated:

> In light of the foregoing, we find the trial court erred by finding Settlers Walk HOA perfected an enforceable lien against the subject property by simply recording the Declaration itself without ever recording a separate instrument notifying any potential bona fide purchaser that it had a lien on the property resulting from the unpaid assessments. The trial court, therefore, erred by requiring Phoenix to pay any unpaid assessments and late fees imposed for the years 2005 through 2007 prior to Phoenix purchasing the subject property in 2008. Accordingly, Phoenix's single assignment of error is sustained and the trial court's decision holding otherwise is reversed.

*Id.* at ¶ 26.

{¶ 11} After several ancillary proceedings, a description of which can be found in our decision in *Settlers Walk II*, the matter was remanded to the trial court to consider Phoenix's "Motion for Court to Enter Final Judgment Entry Consistent with Court of Appeals November 23, 2015 Decision." The trial court was also ordered to comply with this court's holding in *Settlers Walk I.* To that end, on October 12, 2018, the magistrate issued a decision ordering Settlers Walk HOA to pay restitution to Phoenix in the amount of $55,754.28 plus post-judgment interest. Phoenix filed objections to the magistrate's decision on October 26, 2018. Several months later, on January 8, 2019, the trial court issued a decision ordering Settlers Walk HOA to pay restitution to Phoenix in the amount of $46,609.64 plus post-judgment interest, an amount that was $9,144.64 less than what the magistrate had previously ordered.

{¶ 12} The trial court determined the amount of $46,609.64 was the "appropriate calculation" given that was the same amount it had erroneously awarded to Settlers Walk HOA in its original final judgment entry issued on August 6, 2014. The trial court, however,

determined that Phoenix had "raised a valid argument in regard to the awarding of attorney fees in this case." Because of this, the trial court referred the matter back to the magistrate "for further hearing on this and any other issue still pending." Nearly one year later, on December 27, 2019, the magistrate issued a decision finding Phoenix was not entitled to recoup any additional monies from Settlers Walk HOA, attorney fees or otherwise.

{¶ 13} On January 10, 2020, Phoenix filed objections to the magistrate's decision. The trial court denied Phoenix's objections approximately six months later, on June 22, 2020. Approximately three months later, on September 21, 2020, Phoenix filed a memorandum with the trial court entitled "Memorandum in Support of Modification of Calculation for Final Judgment Entry." On November 3, 2020, the trial court issued a decision declining Phoenix's invitation to recalculate the amount of restitution owed to it by Settlers Walk HOA. The trial court thereafter incorporated its November 3, 2020 decision into a final judgment entry it filed on March 23, 2021.

{¶ 14} Phoenix now appeals from the trial court's March 23, 2021 final judgment entry, raising the following single assignment of error for review.

**Appeal**

{¶ 15} THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO FOLLOW THE LAW OF THE CASE IN ITS CALCULATION OF RESTITUTION OWED TO PHOENIX FOR ASSESSMENTS, LATE FEES, AND ATTORNEY'S FEES PAID TO APPELLEE.

{¶ 16} Phoenix argues the trial court erred in its calculations regarding the amount of restitution owed to it by Settlers Walk HOA, thereby failing to comply with the law of the case as set forth by this court in *Settlers Walk I* and *Settlers Walk II*. To support this claim, Phoenix raises two arguments on how to finally close this case, solve the only remaining issue left – the "math problem" that must be applied to ascertain the proper amount of

restitution owed to Phoenix for its overpayment of assessments, late fees, and attorney fees for the years 2005 through 2007 in conformance with this court's decisions in *Settlers Walk I* and *Settlers Walk II* – and make Phoenix whole.

**Standard of Review: Law of the Case Doctrine**

{¶ 17} "The law of the case doctrine is rooted in principles of res judicata and issue preclusion." *Halcomb v. Greenwood*, 12th Dist. Clermont Nos. CA2019-03-019, CA2019-03-020, CA2019-03-023, and CA2019-03-024, 2020-Ohio-2768, ¶ 13, citing *State ex rel. Union Twp. v. Union Twp. Professional Firefighters, IAFF Loc. 3412*, 12th Dist. Clermont No. CA2013-08-064, 2014-Ohio-1582, ¶ 14. Pursuant to this doctrine, the "decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Mansour v. Croushore*, 194 Ohio App.3d 819, 2011-Ohio-3342, ¶ 25 (12th Dist.), citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 2-3 (1984). "The purpose of the doctrine is to ensure the consistency of results in a case, to avoid endless litigation by settling issues and also to preserve the integrity of superior and inferior courts set forth in the Ohio Constitution." *Manshadi v. Bleggi*, 7th Dist. Mahoning No. 20 MA 0066, 2021-Ohio-3593, ¶ 10, citing *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, ¶ 15.

{¶ 18} "[T]the law of the case doctrine 'is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results.'" *Fayette Drywall, Inc. v. Oettinger*, 2d Dist. Montgomery No. 28636, 2020-Ohio-6641, ¶ 13, quoting *Nolan* at 3. "[T]he question of whether a court properly applied the law-of-the-case-doctrine constitutes a question of law that is reviewed de novo." *New Holland v. Murphy*, 4th Dist. Pickaway No. 19CA32, 2021-Ohio-2671, ¶ 9, citing *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, ¶ 13. "[D]e novo review means that this court uses the same standard the trial court should have used." *Nationwide Agribusiness Ins. Co. v.*

*Heidler*, 12th Dist. Clinton Nos. CA2018-06-003, CA2018-07-004, CA2018-09-012, and CA2018-09-015, 2019-Ohio-4311, ¶ 71. "'That means this [c]ourt engages in an independent review without deference to the trial court's decision.'" *Geyer v. Clinton Cty. Dept. of Job & Family Servs.*, 12th Dist. Clinton No. CA2020-06-008, 2021-Ohio-411, ¶ 10, quoting *Pennell v. Brown Twp.*, 5th Dist. Delaware No. 15 CAH 09 0074, 2016-Ohio-2652, ¶ 19.

**1: Recalculation of Restitution Owed to Phoenix by Settlers Walk HOA**

{¶ 19} Phoenix initially argues the trial court erred in its calculation of restitution Settlers Walk HOA owed to Phoenix for the assessments and late fees Phoenix paid to Settlers Walk HOA for the years 2005 through 2007. We agree for our decision in *Settlers Walk I* held that the trial court "erred by requiring Phoenix to pay any unpaid assessments and late fees imposed for the years 2005 through 2007 prior to Phoenix purchasing the subject property in 2008." *Settlers Walk I,* 2015-Ohio-4821 at ¶ 26. Nothing about our decision in *Settlers Walk II* changed this holding. To make Phoenix whole, it is the amount Phoenix paid to Settlers Walk HOA for those assessments and late fees that matter, and not whether the lots being assessed were sold before or after the trial court's final judgment was entered. Such an award complies with our holdings in *Settlers Walk I* and *Settlers Walk II*. Therefore, for the reasons stated herein, Phoenix's first argument has merit.

**2: Recoup Attorney Fees Paid by Phoenix to Settlers Walk HOA**

{¶ 20} Phoenix also argues the trial court erred by not ordering Settlers Walk HOA to reimburse Phoenix for the attorney fees Phoenix paid to Settlers Walk HOA given that Settlers Walk HOA was not a "prevailing party" in the case. "A prevailing party is the party who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his or her original contention." *Investor Support Servs., LLC v. Dawoud*, 12th Dist. Warren No. CA2020-09-060, 2021-

Ohio-2293, ¶ 17. However, based on the law of the case doctrine, and given our decisions in *Settlers Walk I* and *Settlers Walk II*, we disagree with Phoenix's claim that it should be entitled to recover attorney fees related to the collections of assessments and late fees for the years 2009 through 2013. Phoenix is only entitled to recover attorney fees related to the collections of assessment and late fees imposed for the years 2005 through 2007. Therefore, for the reasons stated herein, Phoenix's second argument lacks merit.

**Conclusion and Final Calculation of Restitution**

{¶ 21} Given the above, and based on our holdings in *Settlers Walk I* and *Settlers Walk II*, Phoenix is entitled to recover all moneys it erroneously paid to Settlers Walk HOA for assessments, late fees, and attorney fees for the years 2005 through 2007, nothing more, nothing less. Therefore, after a full and thorough review of the record, and so that this case can finally be put to rest, we affirm as modified the trial court's decision by ordering Settlers Walk HOA to pay restitution to Phoenix in the amount of $158,530.24 plus post-judgment interest at the statutory rate. This figure, which we find to be supported by competent, credible evidence, was calculated following an extensive review of the various decisions issued by the trial court, as well as the numerous motions, memorandum, objections, and briefs submitted by the parties.

{¶ 22} Running the numbers ourselves, and given this court's decisions in *Settlers Walk I* and *Settlers Walk II*, the record indicates that Phoenix should not have paid Settlers Walk HOA an amount of $93,276.58 (Total Amount Owed [$133,843.46] – Amount Owed for 2005 through 2007 [59,543.75] = $74,299.71; Total Amount Paid [$167,576.69] – Corrected Total Amount Owed [$74,299.71] = $93,276.98 overpayment) for the 2005 through 2007 assessments and late fees (including statutory interest) levied on the so-

called "Pre-Trial Lots."[1]  The "Pre-Trial Lots" are the 22 lots Phoenix sold prior to the one-day bench trial held on September 18, 2013, i.e., lots 36, 54, 76, 77, 78, 79, 82, 83, 84, 85, 86, 87, and 88 in the Cove neighborhood and lots 5, 6, 21, 22, 36, 37, 49, 51, and 69 in the Stonebridge neighborhood.

{¶ 23} Again, given this court's decisions in *Settlers Walk I* and *Settlers Walk II*, the record also indicates that Phoenix should not have paid Settlers Walk HOA an amount of $39,235.68 for the 2005 through 2007 assessments and late fees (including statutory interested) levied on the so-called "Post-Trial Lots."[2]  The "Post-Trial Lots" are the 24 lots Phoenix sold after the one-day bench trial held on September 18, 2013, i.e., lots 1, 2, 3, 4, 17, 18, 19, 22, 23, 24, 25, 28, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, and 75 in the Cove neighborhood.  Thus, when taken together, we find Phoenix overpaid Settlers Walk HOA a total amount of $132,512.26 (Pre-Trial Lots [$93,276.98] + Post-Trial Lots [$39,235.68] = $132,512.66) for the 2005 through 2007 assessments and late fees (including statutory interest) on the Pre-Trial Lots and Post-Trial Lots.

{¶ 24} As for attorney fees, Phoenix was ordered to pay Settlers Walk HOA attorney fees in the amount of $47,705.55 for the eight years consisting of 2005, 2006, 2007, 2009, 2010, 2011, 2012, and 2013.  However, given this court's decisions in *Settlers Walk I* and *Settlers Walk II*, Phoenix is not responsible for attorney fees attributable to the years 2005 through 2007.  The attorney fee award of $47,705.55 should therefore be reduced by $17,889.58, which represents an attorney fee award for 3 of the 8 years (37.5%) Phoenix was originally ordered to pay Settlers Walk HOA.  The record indicates that Phoenix is also entitled to recover the sum of $8,128 pursuant to the settlement agreement that parties

---

1. Although likely understood by the parties, these figures generally correlate with the magistrate's January 13, 2014 decision.

2. These figures are consistent with the amounts set forth in the trial court's January 8, 2019 decision.

entered on July 26, 2010. Accordingly, Phoenix is entitled to restitution for attorney fees in the amount of $26,017.58 (Total Attorney Fee Award [$47,705.55] – Apportioned Attorney Fees for 2009 through 2013 [$29,815.97] = Apportioned Attorney Fees for 2005 through 2007 [$17,889.58] + Settlement Agreement Credit [$8,128] = $26,017.58).[3]

{¶ 25} In light of the foregoing, and based upon this court's extensive review of the record, we affirm as modified the trial court's decision by ordering Settlers Walk HOA to pay restitution to Phoenix in the amount of $158,529.84 ($93,276.98 + $39,235.68 + $17,889.58 + $8,128 = $158,530.24) plus post-judgment interest at the statutory rate, the proper figure we find Phoenix is entitled to recover for the assessments, late fees, and attorney fees for the years 2005 through 2007.

{¶ 26} Judgement affirmed as modified.

M. POWELL, P.J., and HENDRICKSON, J., concur.

---

3. We note that Phoenix claims it is entitled to reimbursement of $12,703.04 in attorney fees it allegedly paid to Settlers Walk HOA in connection with the sale of certain lots on August 29, 2014. However, this payment occurred after the trial held on September 18, 2013, after the trial court issued its August 6, 2014 judgment entry, and was never included in any judgment rendered by the trial court. Given this, we decline to order Phoenix be reimbursed for this amount.