[Cite as *Settlers Walk Home Owners' Assn v. Phoenix Settlers Walk*, 2024-Ohio-2296.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| SETTLERS WALK HOME OWNERS' ASSOCIATION, | : | |
| | : | CASE NO. CA2023-06-045 |
| Appellee, | : | O P I N I O N |
| | | 6/17/2024 |
| - vs - | : | |
| | : | |
| PHOENIX SETTLERS WALK, INC., | : | |
| Appellant. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 09 CV 76003


Coolidge Wall Co., L.P.A., and Sarah J. Sparks and Patricia J. Friesinger, for appellant.

Scott G. Oxley Co., LPA, and Scott G. Oxley, for appellee.


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Phoenix Settlers Walk, Inc. ("Phoenix"), appeals from the trial court's decision calculating postjudgment interest on Phoenix's $158,530.24 restitution award. For reasons set forth below, we reverse the trial court's decision.

**I. Facts and Procedural History**

{¶ 2} This case represents the fourth appeal taken on matters related to damages erroneously awarded to appellee, Settlers Walk Home Owners' Association ("Settlers

Walk HOA"), following a one-day bench trial held on September 18, 2013. Because the history of this case is lengthy and convoluted, we have limited the following facts and procedural history to those pertinent to the instant appeal.

**{¶ 3}** In December 2009, Settlers Walk HOA filed a complaint against Phoenix in the trial court seeking to collect unpaid assessments from 2005 through 2007. The complaint was later amended to include unpaid assessments from the years 2003 through 2007 and 2009 through 2013. The matter proceeded to a bench trial, and the trial court granted judgment to Settlers Walk HOA. Phoenix appealed, and this court concluded the trial court erred by requiring Phoenix to pay any unpaid fees imposed between 2005 and 2007. *See Settlers Walk Home Owners Assn. v. Phoenix Settlers Walk, Inc.*, 12th Dist. Warren Nos. CA2014-09-116, CA2014-09-117, and CA2014-09-118, 2015-Ohio-4821 ("*Settlers Walk I*").

**{¶ 4}** After several additional proceedings, a description of which can be found in our decision in *Settlers Walk Home Owners Assn. v. Phoenix Settlers Walk, Inc.*, 12th Dist. Warren No. CA2016-09-082, 2017-Ohio-1500 ("*Settlers Walk II*"), the matter was remanded to the trial court. On remand, Phoenix moved the trial court to enter final judgment consistent with this court's opinion in *Settlers Walk I*. To that end, the magistrate issued a decision ordering Settlers Walk HOA to pay restitution to Phoenix. Phoenix filed objections to the magistrate's decision.

**{¶ 5}** Several months later, on January 8, 2019, the trial court issued a decision ordering Settlers Walk HOA to pay restitution to Phoenix in the amount of $46,609.64. The trial court further found that Phoenix had raised a valid argument with regard to the awarding of attorney fees in the case and referred the case to the magistrate for a hearing on the attorney fees and "any other issue still pending." Nearly one year later, the magistrate issued a decision finding Phoenix was not entitled to recoup any additional

monies from Settlers Walk HOA, attorney fees or otherwise. Phoenix filed objections to the magistrate's decision, which were denied by the trial court on June 22, 2020.

{¶ 6} Approximately three months later, in September 2020, Phoenix filed a memorandum with the trial court entitled "Memorandum in Support of Modification of Calculation for Final Judgment Entry." On November 3, 2020, the trial court issued a decision declining Phoenix's invitation to recalculate the amount of restitution owed by Settlers Walk HOA. The trial court thereafter incorporated its November 3, 2020 decision into a final judgment entry it filed on March 23, 2021. In that entry, the trial court rendered a full and final judgment in favor of Phoenix and against Settlers Walk HOA in the amount of $46,609.64 "together with post-judgment interest at the statutory rate and costs herein."

{¶ 7} Phoenix appealed from the trial court's March 23, 2021 decision, arguing the trial court erred in its calculations regarding the amount of restitution owed to it by Settlers Walk HOA. On December 27, 2021, this court issued an opinion and judgment entry in *Settlers Walk Home Owners Assn. v. Phoenix Settlers Walk, Inc.*, 12th Dist. Warren No. CA2021-04-040, 2021-Ohio-4547 ("*Settlers Walk III*"). In our decision and entry, this court sustained Phoenix's assignment of error, and modified the trial court's judgment to reflect an award of $158,530.24 plus postjudgment interest at the statutory rate.

{¶ 8} After this court rendered its decision in *Settlers Walk III*, the matter was returned to the trial court for collection. On February 22, 2023, Settlers Walk HOA tendered payment to Phoenix in the amount of $158,530.24. That same day, the magistrate ordered the parties to submit memoranda on the subject of postjudgment interest. After considering the parties' respective positions, the trial court determined that postjudgment interest began to accrue on March 23, 2021, the date the trial court rendered a full and final judgment in favor of Phoenix and against Settlers Walk HOA in

the amount of $46,609.64. In so holding, the trial court noted that, although it ruled in favor of Phoenix in the amount of $46,609.64 on January 8, 2019, postjudgment interest did not begin accruing at that time because a question of attorney fees remained pending.

{¶ 9} Regarding the amount upon which interest should accrue, the trial court found that "appellate modifications of damage awards relate back to the date of the original judgment for purposes of the accrual of interest." The trial court also found that Settlers Walk HOA's February 22, 2023 payment to Phoenix applied first to interest, then to principal. As a result, the trial court determined that interest began to accrue on the modified restitution award of $158,530.24 from March 23, 2021 until paid at the statutory rate, which, in 2021, was 3% per annum.

## II. The Appeal

{¶ 10} Phoenix now appeals from the trial court's decision establishing March 23, 2021 as the date upon which postjudgment interest began to accrue on the restitution award. In its sole assignment of error, Phoenix does not dispute that interest accrues on the modified judgment amount of $158,530.24 or that any payments made by Settlers Walk HOA apply first to interest then to principal. Instead, Phoenix argues the trial court erred in concluding that March 23, 2021 is the accrual date, as the trial court's January 8, 2019 decision met the statutory requirements under R.C. 1343.03 of a judgment, decree, or order, and interest should have started accruing at that time.

{¶ 11} Settlers Walk HOA agrees with Phoenix that the trial court erred in selecting March 23, 2021 as the relevant date for calculating postjudgment interest, but argues it was not until our decision and entry on December 27, 2021, a result of Phoenix's third appeal, that a date and amount certain existed upon which postjudgment interest could be calculated. Because the $158,530.24 amount was not "final" until December 27, 2021, Settlers Walk HOA claims postjudgment interest could not have accrued prior to that date.

Settlers Walk HOA further argues that the trial court incorrectly imposed postjudgment interest on the modified restitution award, as it was Phoenix's dissatisfaction with the trial court's decisions that delayed the final judgment amount until December 2021.

## A. Standard of Review

{¶ 12} As an initial matter, the parties disagree as to what the applicable standard of review is in this case. Phoenix argues this court's standard of review is de novo, while Settlers Walk HOA argues it is an abuse of discretion. Whether a trial court's determination of postjudgment interest is reviewed de novo or, instead, for an abuse of discretion depends on the statutory basis for the interest and whether questions of law are involved. *Day Air Credit Union, Inc. v. Davis*, 2d Dist. Montgomery No. 28999, 2021-Ohio-2054, ¶ 26.

{¶ 13} The right to recover postjudgment interest is governed by R.C. 1343.03. Relevant to the instant appeal, R.C. 1343.03(A) provides the following:

> In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable * * * upon all judgments * * * for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code[.]

Additionally, R.C. 1343.03(B) provides that

> interest on a judgment * * * rendered in a civil action based on tortious conduct or a contract or other transaction * * * shall be computed from the date the judgment * * * is rendered to the date on which the money is paid and shall be at the rate determined pursuant to section 5703.47 of the Revised Code that is in effect on the date the judgment * * * is rendered.

{¶ 14} The policy behind the granting of postjudgment interest is to encourage the prompt payment of money judgments to successful litigants and to prevent a judgment

debtor from profiting by withholding money belonging to the judgment creditor. *Lovewell v. Physicians Ins. Co. of Ohio*, 79 Ohio St. 3d 143, 144-145 (1997).

{¶ 15} Once a plaintiff receives a judgment contemplated by R.C. 1343.03, "the trial court has no discretion but to award * * * interest under R.C. 1343.03(A)." *Textiles, Inc. v. Design Wise, Inc.*, 12th Dist. Madison Nos. CA2009-08-015 and CA2009-08-018, 2010-Ohio-1524, ¶ 49, citing *Zeck v. Sokol*, 9th Dist. Medina No. 07CA0030-M, 2008-Ohio-727, ¶ 44. However, despite the statute's mandatory language, this court has routinely held that such mandatory language "does not mean that a trial court is divested of all discretion in a R.C. 1343.03(A) claim. Instead, this discretion is confined to a determination of when money becomes 'due and payable.'" *Id.* at ¶ 50, citing *Hance v. Allstate Ins. Co.*, 12th Dist. Clermont No. CA2008-10-094, 2009-Ohio-2809, ¶ 7; *see also Krauss v. Kilgore*, 12th Dist. Butler No. CA99-02-031, 1999 Ohio App. LEXIS 3425, *3 (July 26, 1999) ("[a] decision regarding an award of interest is generally within the discretion of the trial court").

{¶ 16} In this case, Phoenix and Settlers Walk HOA claim the trial court erred in determining when postjudgment interest began to accrue on the money judgment awarded to Phoenix. Thus, the issue on appeal is not the trial court's imposition of postjudgment interest, but at what point the money judgment became "due and payable" and began accruing interest. As stated above, in its application of R.C. 1343.03, a trial court has discretion in determining when a judgment is due and payable. As such, we will review the trial court's decision for abuse of discretion. More than mere error of judgment, an abuse of discretion requires that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**B. The Accrual of Postjudgment Interest**

{¶ 17} Turning to the merits of the appeal, we will begin our analysis with Settlers Walk HOA's argument that the trial court abused its discretion in determining that postjudgment interest began to accrue on March 23, 2021, despite Phoenix's repeated appeals in this case.

{¶ 18} In support of its argument, Settlers Walk HOA relies upon *Fowler v. Wilford*, 6th Dist. Erie No. E-86-50, 1987 Ohio App. LEXIS 6662 (May 8, 1987). In that case, the Sixth District found that where a party causes delay in obtaining payment of money that he has a right to possess, and such delay is due to that party's dissatisfaction with a judgment, that party should not be awarded interest. *Fowler* at *6-7. As such, the court held that when a judgment creditor appeals, no interest accrues during the pendency of the appeal if the appeal stems from the judgment creditor's dissatisfaction with the judgment. *Id.* at * 7. Based upon the court's analysis and holding in *Fowler*, Settlers Walk HOA contends that because Phoenix continued to appeal, no interest accrued on the restitution award until December 2021, when Phoenix exhausted its appeals on the judgment amount, and this court rendered the final restitution award.

{¶ 19} After our review of the applicable law, we find no merit to Settlers Walk HOA's argument. First, the holding in *Fowler* was questioned by the Sixth District in *Viock v. Stowe-Woodward Co.*, 59 Ohio App. 3d 3 (6th Dist.1989). In *Viock*, the court held that postjudgment interest accrued from the date of the trial court's original judgment even though the judgment creditor had appealed from the trial court's judgment. Other courts in Ohio generally share the viewpoint expressed in *Viock*, and have held that, "absent proof of waiver or bad faith on the part of the prevailing party estopping it from claiming interest, interest continues to accrue during the pendency of an appeal, regardless of which party has appealed." *Goddard v. Children's Hosp. Med. Ctr.*, 141 Ohio App.3d 467, 470 (1st Dist.2000); *see also Moore v. Jock*, 90 Ohio App.3d 413, 415-416 (10th

Dist.1993); *Motok v. Motorists Mut. Ins. Co.*, 11th Dist. Trumbull No. 91-T-4583, 1992 Ohio App. LEXIS 5040, *6 (Sept. 30, 1992).

**{¶ 20}** Additionally, despite the holding in *Fowler*, Ohio courts have consistently found that the controlling factor in assessing postjudgment interest during or after an appeal is not which party appealed nor which first appealed, but which party has the use of the money during the pendency of the appeal. *Braun v. Pikus*, 108 Ohio App. 3d 29, 32 (8th Dist.1995), citing *Warren/Sherer Div. v. Store Equip. Co.*, 10th Dist. Franklin No. 84AP-41, 1984 Ohio App. LEXIS 10931 (Sept. 27, 1984). The justification behind this rule being that either the judgment debtor can tender payment in full to toll the running of interest or retain use of the money and presumably invest it for the duration of the appeal. *Id.* at 32. This court has similarly noted that "the burden of stopping the accumulation of post-judgment interest" is placed on the judgment debtor, and can be satisfied only "by tendering full and unconditional payment of the judgment to the judgment creditor." *Krauss*, 1999 Ohio App. LEXIS 3425 at *8-9, citing *Viock* at paragraph two of the syllabus.

**{¶ 21}** Based upon the above, we disagree with Settlers Walk HOA that interest did not begin to accrue on the money judgment until December 27, 2021 simply because Phoenix appealed from the trial court's decision on three occasions. The calculation of postjudgment interest does not depend upon a party's decision to appeal, but upon whether the judgment debtor, i.e., Settlers Walk HOA, unconditionally tendered the money due and owing. Because Settlers Walk HOA failed to tender such payment, it is immaterial that Phoenix appealed from the trial court's decision, as postjudgment interest automatically ran from the date of the original judgment. *Krauss* at *8-9 ("to stop the automatic running of post-judgment interest, the judgment debtor must unconditionally tender the money due and owing").

**{¶ 22}** We also reject Settlers Walk HOA's argument that the trial court erred in

computing interest on the modified judgment amount of $158,530.24, as opposed to the original restitution award of $46,609.64. Ohio courts have routinely held that when a monetary award is modified on appeal, the party should be placed in the same position with respect to interest that it would have been in had the trial court entered the correct judgment in the first instance. *See Viock* at paragraph 3 of the syllabus; *Goddard*, 141 Ohio App. 3d at 472; *Weber*, 1998 Ohio App. LEXIS 549 at *7. Although this court has not specifically addressed this issue, we relied upon the principles set forth in *Viock* in *Krauss*, wherein we stated the following:

> Thus, the law in Ohio stops the accrual of post-judgment interest only when the judgment debtor unconditionally tenders the money due and owing. "In that event, if the judgment is appealed and affirmed, no interest would accrue during the time of the appeal." *Moore v. Jock*, 90 Ohio App. 3d 413, 415 (10th Dist.1993). *If, on the other hand, the judgment is appealed and modified, "post-judgment interest is calculated on the modified judgment amount from the date of the original judgment.*" (Emphasis added.) *Viock* at 3.

*Krauss* at *3.

{¶ 23} In accordance with the above, and as the trial court found, we conclude Phoenix should be placed in the same position that it would have been in had the trial court entered the restitution award of $158,530.24 which we determined should have been entered. As such, the trial court did not abuse its discretion in computing interest on the modified judgment amount, rather than the initial judgment amount of $46,609.64.

{¶ 24} Turning to the issue raised by Phoenix on appeal, we next address when the money judgment became "due and payable" in this case. The trial court determined the relevant date for calculating postjudgment interest was March 23, 2021, the date upon which the trial court rendered a final appealable order in favor of Phoenix and against Settlers Walk HOA. In its decision, the trial court determined that, although it ruled in

favor of Phoenix in the amount of $46,609.64 on January 8, 2019, "th[at] ruling did not dispose of the entirety of the case, as a question of attorney fees remained pending." The trial court further noted it was not until its March 23, 2021 decision that it rendered "full and final judgment in favor of Phoenix" in the amount of $46,609.64.

{¶ 25} On appeal, Phoenix argues the trial court erred in its accrual date selection, and claims interest began to accrue after the trial court's January 8, 2019 "Decision and Entry Sustaining In Part and Overruling In Part the Cross Objections of Plaintiff and Defendant." After our review, we find merit to Phoenix's argument.

{¶ 26} Pursuant to Ohio law, if a "money judgment, definite in amount, is rendered * * * interest [will] be included thereon by operation of law pursuant to R.C. 1343.03." *Bertolini v. Whitehall City School Dist. Bd. of Edn.*, 10th Dist. Franklin No. 02AP-839, 2003-Ohio-2578, ¶ 55, citing to *North Olmsted v. Eliza Jennings, Inc.*, 101 Ohio App. 3d 652, 656 (8th Dist.1995). Therefore, in order for postjudgment interest to be imposed, the judgment need not be final and appealable, but "must require a payment which is calculable and ascertainable from the evidence before the court." *Id.*; *Indus. Fabricators, Inc. v. NCR Corp.*, 10th Franklin Dist. No. 83AP-13, 1984 Ohio App. LEXIS 8703 (Mar. 8, 1984). In general, "once the trial court's judgment is entered in [a party]'s favor, the [judgment debtor]'s obligation is then due and owing." *Shaffer v. Cornwell*, 10th Dist. Franklin No. 90AP-772, 1990 Ohio App. LEXIS 5743, *6 (Dec. 18, 1990).

{¶ 27} A careful reading of R.C. 1343.03 reveals that a judgment is not required to be final and appealable prior to the imposition of postjudgment interest. *See Judy v. Ohio Bur. Of Motor Vehicles*, 6th Dist. Lucas No. L-01-1200, 2004-Ohio-5673, ¶ 9, citing *Summa Health Sys. v. Viningre*, 140 Ohio App. 3d 780, 793 (9th Dist.2000). Rather, pursuant to the plain language of the statute, a judgment can serve as the accrual date for postjudgment interest even if it does not determine the rights and responsibilities of all

the parties and does not totally resolve all claims. *Summa Health Sys.* at 794. This includes judgments that are not final and appealable due to an outstanding issue of attorney fees. *Id.*

**{¶ 28}** In this case, the trial court awarded Phoenix $46,609.64 in restitution via judgment entry on January 8, 2019. This amount was definite in amount and was calculated by the trial court based upon its interpretation of the evidence in the record. Notwithstanding that Settlers Walk HOA was aware, as of January 8, 2019, of the specific amount of money due and payable to Phoenix, the trial court did not impose post-judgment interest from that date because that judgment entry left the issue of attorney fees pending. This was unreasonable, as an outstanding issue of attorney fees is immaterial to the imposition of postjudgment interest. *See id.* at 795 (finding a judgment's ripeness for appellate review is not germane to the issue of when postjudgment interest begins to accrue). That is, the fact that the January 8, 2019 judgment entry did not so totally determine the rights and responsibilities of all the parties and did not so totally resolve all of the claims as to permit appropriate appellate review does not mean post-judgment interest did not begin to accrue at that time. *Id.* Instead, because the January 8, 2019 entry satisfied the requirements of R.C. 1343.03, postjudgment interest was included thereon by operation of law. *Bertolini* at ¶ 55.

**{¶ 29}** Accordingly, we find the trial court abused its discretion in concluding post-judgment interest did not begin to accrue on the restitution award until the court entered a final appealable order on March 23, 2021. Because the January 8, 2019 entry was a judgment contemplated by R.C. 1343.03, interest began to accrue at that time.

### III. Conclusion

**{¶ 30}** Based upon the above, we find the trial court abused its discretion in its calculation of the postjudgment interest owed on Phoenix's $158,530.24 restitution

award. Phoenix's sole assignment of error is therefore well-taken and sustained. The judgment of the trial court is reversed and the cause is remanded to the trial court to determine postjudgment interest from the January 8, 2019 date on the modified judgment of $158,530.24.

{¶ 31} Judgment reversed and remanded.

PIPER and BYRNE, JJ., concur.